Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, California 92801
Telephone: (310) 795-6905
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION)

| | |
|---|---|
| JANE DOE,<br><br>　　　Plaintiff,<br><br>vs.<br><br>JOSEPH 'JOJO' DIAZ, JR.,<br><br>　　　Defendant | Case No.:<br><br>**COMPLAINT**<br><br>1. 18 U.S.C. § 2422(B)<br>2. 18 U.S.C. § 2255 |

## COMPLAINT IN A CIVIL CASE

Plaintiff Jane Doe ("Plaintiff"), by and through undersigned counsel, respectfully brings this civil action against Defendant Joseph 'Jojo' Diaz, Jr. ("Defendant") pursuant to 18 U.S.C. § 2255(a). Plaintiff asks this Court to find that the Defendant is liable to Plaintiff for violating 18 U.S.C. § 2422(b), which criminalizes the use of mail or any facility of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce an individual who has not attained

1

the age of 18 years to engage in sexual activity for which the defendant can be charged with a criminal offense.

## INTRODUCTION

Defendant, Joseph 'Jojo' Diaz, is a currently active former world-champion boxer. Mr. Diaz has engaged in a practice and pattern of soliciting minor females to engage in coitus. His pattern and practice is to send unsolicited pictures of his genitalia through social media platforms. Upon information and belief there are at least four victims of his predatory activity in multiple jurisdictions.

Mr. Diaz has had numerous and recent contacts with the criminal justice system, ranging from alcohol-related incidents to domestic violence inflicting significant injury. Mr. Diaz has also publicly described his history with mental health issues. In sum, this individual is a troubled predator and must be held accountable for his actions.

Plaintiff, a minor at the time of receipt, reported the unlawful transmission of sexually graphic material from Mr. Diaz to Los Angeles County Sheriff's Department (LASD) on or about September 20, 2021. The investigation consisted of the LASD speaking with Mr. Diaz, who admitted that the photo existed on his phone, that the photo was indeed a photo of himself and his genitalia, and then blamed his "girlfriend" for sending the offending photo, acknowledging that it had been sent to Plaintiff. LASD concluded that this was a "mistake" and refused to

undertake any further investigative efforts. LASD also questioned why the victim would report the offending conduct because Mr. Diaz "seemed like a nice kid."

Blaming or shaming a victim is an unfortunate plague that has compromised the criminal justice system, resulting in actual predators, as in this case, escaping accountability. Plaintiff did not ask to be contacted by this predator; she did not want to be contacted by this predator, and she has mustered the courage to come forward because she wants him to be held accountable and hopefully prevent the further victimization of other young girls.

## PARTIES

1. Plaintiff, a minor female at the time of receipt of the sexually graphic material, is a citizen and resident of Los Angeles County and the State of California.

2. Upon information and belief, Defendant Joseph 'Jojo' Diaz Jr. is a citizen and resident of Los Angeles County and the State of California.

## JURISDICTION

3. Subject matter for claims arising under 18 U.S.C. § 2255 and 18 U.S.C. § 2422(b) are proper pursuant to 28 U.S.C. § 1331.

4. Venue is proper pursuant to 18 U.S.C § 2255(c)(1) and 28 U.S.C. § 1391(b)(1).

5. The violation in this matter occurred on or about September 3, 2020, which is within 10 years of the violation and injury, and within 10 years of Plaintiff turning 18 years of age. Therefore, pursuant to 18 U.S.C. § 2255(b), this Complaint is timely filed on April 7, 2022.

## STATEMENT OF FACTS

6. On September 3, 2020, Defendant sent Plaintiff a photograph of himself in which his penis, bare chest, and face were all visible. Plaintiff was 17 years old at the time. Plaintiff did not view the photograph until the next morning because her parents routinely held the minor children's cellphones in the house each evening.

7. This photograph was sent through the popular social media application Snapchat. Ordinarily, when the recipient opens a Snapchat message or photograph, the sender can see that it was opened and viewed. A Snapchat message or photograph generally disappears a few seconds after being opened unless the recipient screenshots the communication or takes a photograph of it using another device. The recipient can bypass this feature by partially sliding the message prior to opening. Plaintiff regularly did this when receiving Snapchat messages and did so upon receiving the message from Defendant.

8. Shocked and upset, Plaintiff immediately sought her mother's assistance. Plaintiff's mother opened the offending Snapchat and took a photograph of the sexually graphic material with another phone to preserve the evidence. *See Exh A*.

9. This was Plaintiff's first contact with Defendant via social media. Defendant was previously in a relationship with Plaintiff's older sister. Plaintiff's sister began dating Defendant in 2010, when Plaintiff was 7 years of age.

10. After Plaintiff's mother took a picture of the obscenity, she called Plaintiff's father. Plaintiff's father then called Defendant's father to inform him that his adult son sent the sexually graphic material to his minor daughter.

11. Defendant's father confirmed that it was his son in the photograph and that it was sent to Plaintiff from his son's phone. The father asserted that Defendant had "mistakenly" sent the photograph to Plaintiff because he had been heavily drinking the night before.

12. On or about September 20, 2021, Plaintiff filed a police report with the Los Angeles County Sheriff's Department.

13. On or about November 30, 2021, the detective assigned to the case called Plaintiff's father. During this conversation, the detective stated that

Defendant claimed his girlfriend accessed his Snapchat account and sent the photograph to Plaintiff.

14. The detective also told Plaintiff's father that Defendant "seemed like a nice kid." It was clear to Plaintiff and her father that law enforcement was not taking this matter seriously. LASD concluded that transmission of the sexually graphic photograph was nothing more than a "mistake," and declined any further investigation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (18 U.S.C. 2422(b) Coercion and Enticement)

15. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

16. Defendant, via means of interstate or foreign commerce, knowingly attempted to, persuade, induce, entice, or coerce Plaintiff, an individual who had not yet attained the age of 18 years, to engage in sexual activity for which Defendant can be charged with a criminal offense.

17. Plaintiff was 17 years old when Defendant sent her an unsolicited photograph of himself with his erect penis in full view. Based on his history with Plaintiff's family, Defendant knew that Plaintiff was a minor at that time.

18. Defendant, via an application on his cellphone, sent Plaintiff a picture of himself fully nude with his erect penis exposed and his face visible.
19. Upon knowledge and belief, Defendant has a pattern and practice of seeking out individuals who have not attained the age of 18 for sexual relationships. Based on this pattern and practice, a reasonable person would conclude that the purpose of the photograph was to persuade, induce, entice, or coerce Plaintiff into engaging in sexual acts with him. Furthermore, the sexually graphic material was sent for purely prurient purposes and has no other value except for Defendant's sexual gratification.
20. By sending the sexually graphic material to Plaintiff, Defendant intended to violate 18 U.S.C. § 2422(b) and took a substantial step towards the commission of this violation.
21. Defendant's conduct would constitute a criminal offense under California Penal Code Section 288.2(a)(1) and Section 288.3.
22. Pursuant to California Penal Code Section 288.2(a)(1), it is illegal to knowingly distribute or send harmful matter to a person known to be, or believed to be, under the age of 18 with the intent of arousing, appealing to, or gratifying the lust or passions of that person or the minor and with the intent or for the purposes of engaging in sexual intercourse, sodomy, or

oral copulation with the other person, or with the intent that either person touch an intimate body part of the other.

23. Defendant knew Plaintiff was a minor at the time he sent her the sexually graphic photograph of himself.

24. Defendant sent sexually graphic material, a photograph of himself fully naked, with an erect penis. A reasonable person, with or without knowledge Defendant's pattern and practice of seeking out minors for sexual relationships, would view the purpose of Defendant's conduct as an attempt to arouse, appeal to, or gratify the lust or passions of himself by enticing Plaintiff to engage in sexual activity with him.

25. Pursuant to California Penal Code Section 288.3, it is a criminal offense to contact or communicate, or attempt to contact or communicate, with a person known to be or believed to be a minor with the intent to commit the offense specified in 288.2.

26. Defendant contacted Plaintiff, whom he knew to be a minor, with the intent to commit the offense listed in California Penal Code Section 288.2.

27. Therefore, the type of sexual activity Defendant was attempting to engage in with Plaintiff is criminal under California state law, and it forms an underlying violation for purposes of 18 U.S.C. § 2422(b) because state law is considered a predicate to a violation of 18 U.S.C. § 2422(b). *See U.S. v.*

*Dhingra*, 371 F.3d 557, 559 (9th Cir. 2004) (affirming defendant's conviction under 18 U.S.C. § 2422(b) where the underlying indictment stated that defendant's conduct would constitute as a criminal offense under California Penal Code 288(c)(1)).

## SECOND CAUSE OF ACTION

## (18 U.S. Code 2255 Civil Remedy for Personal Injuries Against Defendant)

28. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

29. As a victim of 18 U.S.C. § 2422(b), Plaintiff suffered personal injury.

30. Plaintiff suffered emotional distress and discomfort as a result of Defendant's violation of § 2422(b).

31. Plaintiff seeks liquidated damages in the amount of $150,000 for the attempted coercion or enticement, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, punitive damages, and preliminary and equitable relief as the court determines to be appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against the Defendant:

A. Pursuant to 18 U.S.C. § 2255(a), liquidated damages in the amount of $150,000 as compensation for the damages Plaintiff suffered for the unsolicited, explicit photograph sent to her by Defendant in an attempt to entice or coerce her into engaging in sexual acts for which he could be charged with a criminal offense, pursuant to 18 U.S.C. § 2422(b);

B. Attorney's fees and costs of suit pursuant to 18 U.S.C. § 2255(a);

C. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 18 U.S.C. § 2255 and as otherwise allowable under federal law.

Dated: April 7, 2022

Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
431 N BROOKHURST ST, SUITE 130
ANAHEIM, CALIFORNIA 92801
Telephone: (310) 795-6905
rdhungana@fedpractice.com

*Attorneys for Plaintiff*