JOSEPH DIAZ, JR.
Defendant In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
05/18/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___KD___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH 'JOJO' DIAZ, JR,<br><br>    Defendant. | Case No. 2:22-cv-02344-MEMF-GJS<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Courtroom: 8B<br>Judge: Hon. Judge Maame Ewusi-Mensah Frimpong<br><br>Complaint Filed: April 7, 2022 |

DEFENDANT'S ANSWER TO COMPLAINT

Defendant Joseph 'JoJo' Diaz, Jr. ("Defendant") hereby answers the Complaint (the "Complaint") of Plaintiff Jane Doe ("Plaintiff). Defendant generally denies each and every allegation except those hereinafter specifically admitted. Defendant further answers the numbered paragraphs of the Complaint as follows:

## INTRODUCTION

Defendant admits that he is a world-champion boxer. Defendant denies all of the remaining allegations in the Introduction.

## PARTIES

1. Defendant is without sufficient information to admit or deny these allegations, and on that basis, Defendant denies the allegations in paragraph 1. To the extent a response is required, Defendant denies them.

2. Defendant admits the allegations in paragraph 2.

## JURISDICTION

3. The allegations in paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 3.

4. The allegations in paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 4.

5. The allegations in paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 5.

## STATEMENT OF FACTS

6. Defendant denies the allegations in paragraph 6.

7. Defendant is without sufficient information to admit or deny these allegations, and on that basis, Defendant denies the allegations in paragraph 7.

8. Defendant is without sufficient information to admit or deny these allegations, and on that basis, Defendant denies the allegations in paragraph 8.

9. Defendant is without sufficient information to admit or deny these allegations, and on that basis, Defendant denies the allegations in paragraph 9.

10. Defendant is without sufficient information to admit or deny these allegations, and on that basis, Defendant denies the allegations in paragraph 10.

11. Defendant is without sufficient information to admit or deny these allegations, and on that basis, Defendant denies the allegations in paragraph 11.

12. Defendant is without sufficient information to admit or deny these allegations, and on that basis, Defendant denies the allegations in paragraph 12.

13. Defendant is without sufficient information to admit or deny these allegations, and on that basis, Defendant denies the allegations in paragraph 13.

14. Defendant is without sufficient information to admit or deny these allegations, and on that basis, Defendant denies the allegations in paragraph 14.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (18 U.S.C. 2422(b) Coercion and Enticement)

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant is without sufficient information to admit or deny these allegations, and on that basis, Defendant denies the allegations in paragraph 17.

18. Defendant is without sufficient information to admit or deny these allegations, and on that basis, Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. The allegations in paragraph 22 state legal conclusions to which no response is required.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. The allegations in paragraph 25 state legal conclusions to which no response is required.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

## SECOND CAUSE OF ACTION

**(18 U.S. Code 2255 Civil Remedy for Personal Injuries Against Defendant)**

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. The allegations in paragraph 31 state legal conclusions to which no response is required.

## PRAYER FOR RELIEF

32. Defendant denies that Plaintiff is entitled to any relief from Defendant.

## DEFENDANT'S AFFIRMATIVE DEFENSES

33. Pursuant to Fed. R. Civ. P. 8(c), Defendant asserts the following affirmative defenses, without admitting that he would bear the burden of proof on any of the following:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint does not set forth facts that support the claims made against Defendant. As a result, the Complaint, and each and every claim for relief against Defendant therein, fails to state a claim or cause of action against Defendant upon which relief can be granted.

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE
### (Innocent Intent)

Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was in good faith, innocent and with non-willful intent, at all times.

## THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

The Complaint, and each and every claim for relief against Defendant therein, is barred, in whole or in part, because Defendant's actions were at all times reasonable and were taken in the good faith regarding the matters which are the subject of the Complaint.

## FOURTH AFFIRMATIVE
### (No Causation)

Assuming, arguendo, that Plaintiff sustained a loss, injury, and/or damage, either as alleged in the Complaint or otherwise, such loss, injury, and/or damage are not recoverable from Defendant because any alleged act or omission of Defendant was not the cause of such loss, injury, and/or damage.

## FIFTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff suffered no recognizable loss, injury and/or damage as a result of the matters which are the subject of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

The Complaint, and each and every claim for relief against Defendant therein, is barred, in whole or in part, because the because the alleged damages, if any, are speculative, and because of the impossibility of ascertaining and allocating these alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every claim for relief against Defendant therein, is barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Defendant's conduct as alleged in the Complaint was lawful. Any recovery by Plaintiff against Defendant is barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover anything from Defendant under the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Wrongful, Negligent or Illegal Acts or Omissions)

Plaintiff's claims are barred, in whole or in part, by her own prior wrongful, negligent, or illegal acts or omissions directed at Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Third Parties)

Plaintiff's claims are barred, in whole or in part, because one or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

The Complaint, and each and every claim for relief against Defendant therein, is barred, in whole or in part, by the applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by legal and/or equitable estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Mental Incapacity)

Plaintiff's claims are barred, in whole or in part, because Defendant lacked the mental capacity at the time the wrongful conduct alleged in the Complaint occurred.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has waived her rights to assert the claims.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Other Affirmative Defenses)

Defendant reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

### DEFENDANT'S DEMAND FOR JURY TRIAL

Defendant requests a trial by jury for each issue that is triable before a jury.

Dated: May 18, 2022

By: */s/ Joseph Diaz, Jr.*

JOSEPH 'JOJO' DIAZ, JR.
In Pro Per Defendant

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a resident of the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.

On May 18, 2022, I served the foregoing document(s) described as follows:

## ANSWER

on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope(s) addressed to the following addressee(s):

Rajan O. Dhungana                                              Attorneys for Jane Doe
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Email: rdhungana@fedpractice.com

☒ **BY MAIL:** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the law firm's practice of collection and processing correspondence for mailing. Under the practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter is more than one day after the date of deposit for mailing the affidavit.

[☒] **BY E-MAIL:** Per agreement of the Parties or based on a court order to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on May 18, 2022, at Los Angeles, California.


                                */s/ Joseph Diaz, Jr.*
                                Joseph Diaz, Jr.