UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE , <br><br> Plaintiff(s), <br><br> v. <br><br> JOSEPH DIAZ JR. <br><br> Defendant(s). | Case No. <br> 2:22–cv–02344–MEMF–GJS <br><br> **ORDER SETTING SCHEDULING CONFERENCE** <br><br> Date:          October 6, 2022 <br><br> Time:          10:00 a.m. |

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This matter is set for a Scheduling Conference on the above date in Courtroom 8B of the First Street Courthouse, 350 West First Street, Los Angeles, CA 90012.[1] If Plaintiff has not already served the operative complaint on *all* Defendants, Plaintiff shall do so *promptly* and shall file proofs of service within three (3) days thereafter. *See* FED. R. CIV. P. 4; Local Rule 4. Defendants shall also timely file and serve their responsive pleadings and file proofs of service within three (3) days thereafter, in compliance with the requirements of Local

---

[1] By default, all scheduling conferences shall proceed in–person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the conference and must indicate that counsel has met and conferred per Local Rule 7-3.

Rule 5-3.2. At the Scheduling Conference, the Court will dismiss all remaining fictitiously named Defendants. The Court will also set a date by which motions to amend the pleadings or add parties must be heard.

The Scheduling Conference will be held pursuant to Federal Rule of Civil Procedure 16(b). The parties are reminded of their obligations under Federal Rule of Civil Procedure 26(f) to confer on a discovery plan no later than twenty-one (21) days before the Scheduling Conference. The Court encourages counsel to agree to begin to conduct discovery actively *before* the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery, because at the Scheduling Conference the Court will impose strict deadlines to complete discovery.

**This Court does not exempt parties appearing pro se from compliance with any of the Federal Rules of Civil Procedure and the Local Rules, including Local Rule 16. *See* Local Rule 1-3, 83-2.2.3. "Counsel," as used in this Order, includes parties appearing pro se.**

### I.   Joint Rule 26(f) Report

The Joint Rule 26(f) Report **must be filed no later than seven (7) days** after the meeting of counsel and **fourteen (14) days** before the Scheduling Conference. The Court discourages the submission of courtesy chambers copies of Joint Rule 26(f) Reports that have been electronically filed.

The Joint Rule 26(f) Report shall be drafted by Plaintiff or, if the parties otherwise agree, by Defendant's counsel. If the Plaintiff is appearing pro se, the Joint Rule 26(f) Report shall be drafted by Defendant's counsel unless Plaintiff prefers to do so. In all circumstances, the Joint Rule 26(f) Report must be signed jointly. "Jointly" means a single report, regardless of how many separately represented parties are involved in the case. The Joint Rule 26(f) Report shall specify the date of the Scheduling Conference on the caption page. The Joint Rule

26(f) Report shall address the matters set forth in Federal Rule of Civil Procedure 26(f) and Local Rule 26, some of which are enumerated below, and shall also contain the following:

**A.   Statement of the Case:** A short statement by each party, not to exceed two (2) pages, setting forth that party's factual summary of the case, including the basis for any claims, counterclaims, or defenses.

**B.   Subject Matter Jurisdiction:** A statement of the specific basis for federal jurisdiction, including supplemental jurisdiction. If there is a federal question, cite the federal law, under which the claim arises.

**C.   Legal Issues:** A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

**D.   Damages:** The realistic range of provable damages.

**E.   Parties and Evidence:** A list of parties, percipient witnesses, and key documents with respect to the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates. The parties should discuss the likelihood of appearance of additional parties, if any.

**F.   Insurance:** Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

**G.   Manual for Complex Litigation:** Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

**H.   Motions:** A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

**I.   Dispositive Motions:** A description of the issues or claims any party believes may be determined by motion to dismiss or motion for summary judgment.

\\\

\\\

**J.   Status of Discovery:** A discussion of the present state of discovery, including a summary of completed discovery, and any current or anticipated disputes.

**K.   Discovery Plan:** A detailed discovery plan, as contemplated by Federal Rule of Civil Procedure 26(f). State what, if any, changes in the disclosures under Federal Rule of Civil Procedure 26(a) should be made, the subjects on which discovery may be needed, whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that discovery will be conducted as to all claims and defenses or other vague description is not acceptable.

**L.   Expert Discovery:** Proposed dates for initial and rebuttal expert witness disclosures and expert discovery cut-off under Federal Rule of Civil Procedure 26(a)(2).

**M.   Settlement Conference / Alternative Dispute Resolution ("ADR"):** A statement of what settlement negotiations have occurred, excluding any statement of the terms discussed. If a Notice to Parties of Court-Directed ADR Program (Form ADR-08) was filed in this case, the Court will refer it to the magistrate judge, the Court Mediation Panel, or private mediation at the parties' expense. The parties must indicate their preference in their Joint Rule 26(f) Report. No case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding.

**N.   Trial Estimate:** A realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by the Court. Each side should specify by number, not by name, the number of witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four (4) court days, counsel must be prepared to discuss in detail the basis for the

1   estimate.

2        **O.**   **Trial Counsel:** The name(s) of the counsel who will try the case.

3        **P.**   **Magistrate Judge:** Whether the parties agree to try the case before a

4   magistrate judge. Pursuant to 28 U.S.C. § 636 and General Order 05-07 (also

5   referred to as General Order 194), the parties may consent to have a magistrate

6   judge preside over all proceedings, including jury trials. The parties may choose

7   any magistrate judge identified on the Central District website.[2] The consent form

8   may also be found on the Central District website.[3]

9        **Q.**   **Independent Expert or Master:** Whether the Court should consider

10  appointing a master pursuant to Federal Rule of Civil Procedure 53 or an

11  independent scientific expert at the parties' expense. The appointment of a master

12  may be especially appropriate in cases where the parties anticipate substantial

13  discovery disputes, numerous claims to be construed in connection with a motion

14  for summary judgment, a lengthy *Daubert* hearing, or a resolution of a difficult

15  computation of damages.

16       **R.**   **Schedule Worksheet:** The parties must make every effort to agree on

17  all pretrial and trial dates. The parties must submit a completed copy of the

18  attached Schedule of Pretrial and Trial Dates Worksheet ("Worksheet") with their

19  Joint Rule 26(f) Report. The entries in the "Time Computation" column reflect

20  what the Court believes is appropriate for most cases and will allow the Court to

21  rule on potentially dispositive motions sufficiently in advance of the Final

22  Pretrial Conference. However, the parties may propose earlier dates by which the

23  key requirements must be completed. Each date should be stated as month, day,

24  and year (*e.g.*, 2/10/2022). Hearings shall be on **Thursdays starting at 10:00 a.m.**

25  _____

26  [2] A list of magistrate judges in the Central District Court of California can be found at
    https://www.cacd.uscourts.gov/judges-schedules-procedures.

27  [3] The Statement of Consent to Proceed Before a United States Magistrate Judge (CV–11D) can be
    found at https://www.cacd.uscourts.gov/sites/default/files/forms/CV-011D/CV-11D.pdf.

28

Other deadlines not involving the Court may be scheduled any day of the week. The parties must avoid holidays. The Court may order different dates than those required. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard, not filed. **In other words, any motion challenging the adequacy of discovery responses must be filed timely, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.** If the parties wish the Court to set dates in addition to those on the Worksheet, they may so request by a separate stipulation and proposed order. Additional hearings are often appropriate for class actions, patent cases, and cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

**S.   Class Actions:** If the action is a putative class action, the parties are to provide a proposed briefing schedule for the motion for class certification. The schedule must provide for at least twenty-one (21) days between the filing of the reply and the hearing and should include a discovery cut-off date in advance of the date for filing of the motion. The Court expects the parties to act diligently and begin discovery immediately, because the motion must be filed no later than one-hundred-twenty (120) days from the date originally set for the Scheduling Conference, unless the Court orders otherwise. In other words, a continuance of the date for the Scheduling Conference will not extend the time to file the motion for class certification.

**T.   Other Issues:** A statement of any other issues affecting the status or management of the case, such as unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, witnesses who will need the assistance of a court interpreter, reasonable ADA accommodations, discovery in foreign jurisdictions, the

applicability of foreign law, the advanced age or health of parties or key witnesses, and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.

## II.  Scheduling Conference

**A.    Continuance:** A request to continue the Scheduling Conference will be granted only for good cause. The parties should refer to the Court's Standing Order for additional guidance regarding requests for continuance.

**B.    Vacating Scheduling Conference:** The Court may vacate the Scheduling Conference and issue the Scheduling Order based solely on the parties' Joint Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 16(b).

**C.    Participation:** If the Court elects to conduct a Scheduling Conference, lead trial counsel must attend unless excused by the Court for good cause before the conference.

**D.    Failure to Submit a Joint Rule 26(f) Report:** The failure to submit a Joint Rule 26(f) Report in advance of the Scheduling Conference or to attend the Scheduling Conference may result in dismissal of the action, striking of the answer and entry of default, and/or imposition of sanctions.

## III.  Notice to Be Provided by Counsel

Plaintiff's counsel or, if Plaintiff is appearing pro se, Defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

## IV.  Disclosures to Clients

Counsel are ordered to deliver to their clients a copy of this Order.

\\\

\\\

\\\

\\\

**V.   <u>Court's Website</u>**

This and all other generally applicable orders of this Court are available on the Central District of California website[4] and on Judge Frimpong's webpage.[5] The Local Rules are also available on the Central District of California website.[6]

The Court thanks the parties and their counsel for their anticipated cooperation.

IT IS SO ORDERED.

Dated:  June 27, 2022

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[4] The website for the Central District of California can be found at https://www.cacd.uscourts.gov/.
[5] Judge Frimpong's webpage can be found at https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong.
[6] Copies of the Local Rules are available at https://www.cacd.uscourts.gov/court-procedures/local-rules.

**DISTRICT JUDGE MAAME EWUSI-MENSAH FRIMPONG**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. | | Case Name: | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one:  ☐ Jury Trial   or   ☐ Bench Trial [Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity] Estimated Duration: _____ Days | | | | |
| Final Pretrial Conference ("FPTC" [L.R. 16], Hearing on Motions in Limine [Wednesday at 9:00 a.m. at least 19 days before trial] | | | | |
| **Event** [1] Note: Hearings shall be on Thursdays at 10:00 a.m.[2] Other dates can be any day of the week | | **Time Computation[3]** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Thursday] | | 6 weeks after scheduling conference | | |
| Fact Discovery Cut-Off (no later than deadline for filing dispositive motion) | | 24 weeks before FPTC | | |
| Expert Disclosure (Initial) | | 23 weeks before FPTC | | |
| Expert Disclosure (Rebuttal) | | 21 weeks before FPTC | | |
| Expert Discovery Cut-Off | | 19 weeks before FPTC[4] | | |
| Last Date to Hear Motions [Thursday] • Motion for Summary Judgment due at least 6 weeks before hearing • All other motions due at least 4 weeks before hearing • Opposition due 1 week after motion is filed • Reply due 1 week after opposition is filed | | 12 weeks before FPTC | | |
| Deadline to Complete Settlement Conference [L.R. 16-15] Select one:  ☐ 1. Magistrate Judge (with Court approval)  ☐ 2. Court Mediation Panel  ☐ 3. Private Mediation | | 10 weeks before FPTC | | |
| Trial Filings (first round) • Motions in Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only) • Declarations containing Direct Testimony, if ordered (bench trial only) | | 4 weeks before FPTC | | |
| Trial Filings (second round) • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint Agreed Upon Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | | 2 weeks before FPTC | | |

[1]  The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2]  By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.
[3]  The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions, patent, and ERISA cases may need to vary from the above.
[4]  The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.