Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
*Attorney for Plaintiff*
Jane Doe

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (WESTERN DIVISION)

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH "JOJO" DIAZ JR.,<br><br>    Defendant. | 2:22-cv-02344-MEMF-GJSx<br><br>**PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO STRIKE DEFENDANT'S AMENDED ANSWER TO COMPLAINT**<br><br>Date:  October 27, 2022<br>Time:  10:00 A.M.<br>Courtroom: 8B<br>Judge: Hon. Maame Ewusi-Mensah Frimpong |

# PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCOPRORATED MEMORANDUM TO STRIKE DEFENDANT'S AMENDED ANSWER TO COMPLAINT

NOTICE IS HEREBY GIVEN that on October 27, 2022, at 10:00 a.m., before the Honorable Maame Ewusi-Mensah Frimpong, in Courtroom 8B of the United States Courthouse for the Central District of California, Western Division, United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Plaintiff Jane Doe will and hereby does move the Court to strike Defendant Joseph "JoJo" Diaz, Jr.'s Amended Answer to Complaint [Doc: 24].

Pursuant to Local Rule 7-3, Plaintiff states that she attempted, on multiple occasions, to meet and confer with Defendant regarding the substance of this motion. Plaintiff's counsel sent a written letter, outlining the basis for this motion, and requesting that Defendant make himself available to meet and confer, via email to "jojotheboxer@gmail.com" on September 7, 2022. Plaintiff again emailed the Defendant at the same address on September 14, 2022, requesting his availability to meet and confer. Neither of these communications were responded to. The physical address provided by Defendant is invalid. Therefore, Plaintiff affirmatively states that she has made every effort to meet and confer with Defendant regarding the substance of this motion, and Defendant has frustrated those attempts. Plaintiff therefore states that this motion is filed after multiple attempts to meet and confer, which Defendant failed to participate in.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff Jane Doe, by and through her counsel of record, moves the Court for an order striking Defendant Joseph "JoJo" Diaz, Jr.'s Amended Answer to Complaint with prejudice to refiling, for willful, contemptuous, and continuing failure to provide an adequate address, in continued violation of Federal Rule of Civil Procedure 11(a) and Central

District of California Local Rule 11-3.8. In support of this motion, Plaintiff respectfully states as follows:

## PROCEDURAL HISTORY

1. Plaintiff initiated this action by filing her Complaint on April 7, 2022. [Doc: 1].

2. Defendant filed his Answer to Plaintiff's Complaint on May 18, 2022. [Doc: 17].

3. On May 20, 2022, a Notice of Document Discrepancies and Order of the Judge ("Notice") was filed by the Court. [Doc: 19]. In the Notice, the Court noted that Defendant's Answer was lacking in "name, address, phone, facsimile numbers, and email address" as required by Local Rule 11-3.8. The Court ordered that the answer not be filed, but instead be rejected, and ordered the Defendant to file an amended answer, including the missing information, within five days of the order. *Id.*

4. Contrary to the Court's order, Defendant filed his Amended Answer to Plaintiff's Complaint on June 24, 2022, a month after the five day deadline given by the Court. [Doc: 24]. Nevertheless, Defendant included in his amended filing the following information: "jojotheboxer@gmail.com" as an email address, a physical address of "9461 Charleville Blvd., No. 757, Beverly Hills, CA 90212", and a telephone number of "(909) 560-7828". *Id.*

5. On July 11, 2022, the Court issued its Civil Standing Order to the parties. [Doc: 26].

6. On July 19, 2022, a filing from the Court entitled "Mail Returned to Clerk" demonstrated a mailing envelope from the Office of the Clerk to Defendant at the address provided in his Amended Answer, which was marked "RTS Not at this address." [Doc: 27].

## ARGUMENT AND AUTHORITIES

Defendant has, for a second time, filed a pleading which fails to comport with the Local Rules; specifically, Rule 11-3.8, requiring that the pleadings contain the name, address, telephone/fax number, and email address of the filing party. Defendant's latest pleading further demonstrates rank dishonesty and contempt for the order of this Court, willfully presenting a false address to this Court and to Plaintiff. Defendant's Amended Answer should be stricken due to his willful, contemptuous, and continuing refusal to comport himself to the Court's rules and orders, with prejudice to its refiling.

The Court's Local Rule 11-3.8 sounds in Federal Rule of Civil Procedure 11(a), which provides that "[e]very pleading … must state the signer's address, email address, and telephone number." It goes without saying that the Rule expects that the pleading will include the signer's *actual* address, not just any address, and certainly not an address at which the signer cannot receive mail. It is clear that a pleading which does not include an accurate name, address, email address, and telephone number does not comport with the Federal Rules of Civil Procedure. *See V.P. Music Grp., Inc. v. McGregor*, No. 11-CV-2619, 2012 WL 1004859, at *3 (E.D.N.Y. Mar. 23, 2012).

Rule 11(a) also requires that a court strike any pleading which does not conform. This was clearly done with Defendant's first Answer, which the Court rejected in its May 20, 2022 Notice. Defendant has now filed an Amended Answer (late) and failed yet again to provide a serviceable address. The first instance of failure to conform to the rules, though not excusable, is at minimum understandable, as Defendant is litigating *pro se*.[1] The second instance, after being informed by the Court of the conduct expected, is clearly intentional conduct, and therefore sanctionable.

---

[1] L.R. 83-2.2.3 states that "[a]ny person appearing pro se is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P." This includes L.R. 11-3.8.

In addition to the foregoing, Local Rule 83-2.4 provides that any party, including *pro se* litigants, who changes their address "must, within five (5) days of the change, notify the Clerk of Court in writing." Defendant has provided no notice of change of address to explain his unavailability at the address he gave in his Amended Answer to Complaint. Furthermore, Local Rule 41-6 provides as follows:

> "A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."

While this rule specifically addresses *pro se* plaintiffs, the intellectual reasoning behind it could readily be applied to defendants. A plaintiff's failure to prosecute and a Defendant's failure to defend are two sides of the same coin. It the Court is vested with the authority to sanction one, it must necessarily have the authority to sanction the other. This is grounded in the understanding of the Court's inherent powers.

Federal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). "A district court is not constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey,* 186

F.3d 1016, 1022 (8th Cir.1999). "Where the drastic sanctions of dismissal or default are imposed ... the losing party's non-compliance must be due to willfulness, fault or bad faith." *Jorgensen v. Cassiday,* 320 F.3d 906 (9th Cir.2003) (*quoting, Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir.1994); *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir.1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker,* 24 F.3d at 1167; *Fjelstad,* 762 F.2d at 1341. A single willful violation may suffice depending on the circumstances. *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1056 (9th Cir.1998), *cert. denied,* 526 U.S. 1064, 119 S.Ct. 1455, 143 L.Ed.2d 542 (1999); *see Ortiz–Rivera v. Municipal Government of Toa Alta,* 214 F.R.D. 51, 57 (D.P.R.2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal).

Plaintiff acknowledges that she is requesting a severe sanction for Defendant's conduct; however, under the circumstances, Plaintiff has no other choice. It is abundantly clear from Defendant's antics that he does not intend to engage in good faith with this process. To the contrary, from the very outset of this case, he has demonstrated contempt for the orders of this Court, disdain for the rules of this Court and of ethical conduct, and disregard for the increased time and cost his antics add to the litigation. As such, the Court is authorized, and Plaintiff prays the Court exercise, its inherent power to sanction Defendant for his conduct, and strike his Amended Answer with prejudice to refiling.

## **CONCLUSION**

WHEREFORE, premises considered, Plaintiff Jane Doe respectfully prays the Court enter an order striking Defendant's Amended Answer, sanctioning his contemptible conduct by prejudicing him from refiling, award Plaintiff her

reasonable attorney fees in connection with this remedy, and such other relief as the Court deems just and proper.

Dated:  September 23, 2022

>Respectfully submitted,
>
> /s/ Rajan O. Dhungana
>Rajan O. Dhungana (SBN: 297794)
>FEDERAL PRACTICE GROUP
>431 N Brookhurst St, Suite 130
>Anaheim, CA 92801
>Telephone: (310) 795-6905
>rdhungana@fedpractice.com
>*Attorney for Plaintiff*
>Jane Doe

## CERTIFICATE OF SERVICE

    I hereby certify that on September 23, 2022, I served a copy of the foregoing Plaintiff Jane Doe's Motion To Strike Defendant's Answer to Amended Complaint via email to the Defendant at jojotheboxer@gmail.com, which is an email address claimed to belong to the Defendant.

>/s/ Rajan O. Dhungana
>Rajan O. Dhungana (SBN: 297794)
>FEDERAL PRACTICE GROUP
>431 N Brookhurst St, Suite 130
>Anaheim, CA 92801
>Telephone: (310) 795-6905
>rdhungana@fedpractice.com
>*Attorney for Plaintiff*
>Jane Doe