Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
*Attorney for Plaintiff*
Jane Doe

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA
### (WESTERN DIVISION)

| | |
|---|---|
| JANE DOE, | 2:22-cv-02344-MEMF-GJSx |
| Plaintiff, | **AFFIDAVIT OF RAJAN O. DHUNGANA** |
| v. | |
| JOSEPH "JOJO" DIAZ JR., | Courtroom: 8B |
| Defendant. | Judge: Hon. Maame Ewusi-Mensah Frimpong |

AFFIDAVIT OF RAJAN O. DHUNGANA

# AFFIDAVIT OF RAJAN O. DHUNGANA

I, Rajan O. Dhungana, state and declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice before this court. I am a partner in the law firm The Federal Practice Group. I make this declaration of my own personal knowledge and could and would so testify if called.

2. Plaintiff Jane Doe filed her Complaint against Defendant Joseph 'Jojo' Diaz, Jr. on April 7, 2022. [Doc. 1].

3. The Court issued the summons to Defendant Diaz on April 8, 2022. [Doc. 7]

4. Defendant Diaz was personally served with the Summons and Complaint on April 8, 2022 [Doc. 7]. Proof of service on Defendant Diaz was filed with the Court on April 12, 2022. [Doc. 10]. Although it was Defendant Diaz who was served, the name on the filed Proof of Service was not identical to the name listed on the filed civil cover sheet. [Doc. 3, 10]. To remedy this minor discrepancy, an Amended Proof of Service was filed with the Court on October 19, 2022. [Doc. 34].

5. Defendant Diaz did not waive service under Fed R. Civ. P. 4(d). Gina Simas and the law firm of VGC LLP represented that they intended to represent Defendant Diaz in this matter and had asked for a three-week courtesy extension on April 27, 2022. I afforded Defendant Diaz, by and through his counsel Gina Simas, the

AFFIDAVIT OF RAJAN O. DHUNGANA - 1

courtesy of a three-week extension by which to answer the Complaint. Therefore, pursuant to Fed. R. Civ. P. 12(a) and my three-week courtesy extension, Defendant Diaz was required to have filed his answer to, or otherwise have defended, the Complaint within 42 days of being served with the summons and the Complaint.

6.   Defendant Diaz, acting *in pro per*, filed an answer to the Complaint on May 18, 2022. [Doc. 17]. I informed VGC LLP that I would no longer be communicating with them since Defendant Diaz filed in pro per. VGC LLP responded that they would continue to represent Defendant Diaz for settlement purposes only. Defendant Diaz then emailed me from the email address jojotheboxer@gmail.com confirming as such. I asked Defendant Diaz if he would accept service by email going forward, to which he consented.

7.   That answer was then rejected by the Court as deficient on May 20, 2022. [Doc. 19]. The Court ordered Defendant Diaz to file an amended answer within five days thereafter. [Doc. 18, 19]. That time to answer expired on June 13, 2022.

8.   Defendant Diaz filed an amended answer on June 24, 2022. [Doc. 24]. The amended answer contained a physical address purported to belong to Defendant Diaz.

9.   When the Court attempted to send mail to Defendant Diaz, the mail was returned to the sender. [Doc 27].

AFFIDAVIT OF RAJAN O. DHUNGANA - 2

10. I filed a Motion to Strike Defendant Diaz's Amended Answer on the basis that it did not list a valid address, in violation of the Local Rules and the Court's Order. [Doc. 29]. Prior to filing the Motion to Strike, I attempted to meet and confer with Defendant Diaz to which I received no response. A hearing on the Motion to Strike is set for December 14, 2022. [Doc. 32].

11. Neither Plaintiff nor the Court has granted Defendant Diaz any further extensions of time to respond to the Complaint.

12. Defendant Diaz failed to appear at the Scheduling Conference held by the Court on October 6, 2022. [Doc. 31].

13. Defendant Diaz is not an infant, and, upon information and belief, is not an incompetent person requiring special service under Federal Rule of Civil Procedure 4(g).

14. In accordance with the Department of Defense Manpower Data Center Report, Diaz is not in the military or otherwise covered by the Servicemembers Civil Relief Act (50 U.S.C. App. § 521).

15. Pursuant to Fed. R. Civ. P. 55(a), when party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

16. Plaintiff Jane Doe has satisfied all conditions for entry of default against Defendant Joseph P. Diaz Jr. in this case.

AFFIDAVIT OF RAJAN O. DHUNGANA - 3

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this 27st day of October, 2022, at Anaheim, California.

DATE: October 27, 2022

_____

Rajan O. Dhungana

AFFIDAVIT OF RAJAN O. DHUNGANA - 4