Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
*Attorney for Plaintiff*
Jane Doe

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (WESTERN DIVISION)

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH 'JOJO' DIAZ, JR.,<br><br>　　　　Defendant | 2:22-cv-02344-MEMF-GJSx<br><br>**PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT**<br><br>Date:　　　December 1, 2022<br>Time:　　　10:00 A.M.<br>Courtroom:　8B<br>Judge: Hon. Maame Ewusi-Mensah Frimpong |

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT

**PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO TREAT MOTION TO STRIKE DEFENDANT'S AMENDED ANSWER TO COMPLAINT AS CONCEDED AND FOR DEFAULT JUDGMENT**

NOTICE IS HEREBY GIVEN that on December 1, 2022 at 10:00 A.M., before the Honorable Maame Ewusi-Mensah Frimpong, in Courtroom 8B of the United States Courthouse for the Central District of California, Western Division, United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Plaintiff Jane Doe will and hereby does move the Court to treat Plaintiff's Motion to Strike Defendant Joseph 'Jojo' Diaz, Jr.'s Amended Answer to the Complaint as Conceded and for Default Judgment. [Doc. 29, 24].

Undersigned counsel is cognizant of this Court's meet and confer requirements pursuant to Local Rule 7-3 and this Court's Standing Order. [Doc. 26]. However, counsel is aware that the meet and confer requirement may not be enforced where "ordering the parties to meet and confer would … be futile." *Yue v. Storage Tech. Corp.*, No. C07-05850 JW, 2008 WL 4185835, at *7 (N.D. Cal. Sept. 5, 2008) It is evident from the record before this Court that Defendant Diaz is disengaged from this matter. He failed to file a compliant answer to the complaint on two occasions. [Doc. 17, 24]. He failed to respond to Plaintiff's counsel's repeated requests to meet and confer regarding the motion to strike his answer. [Doc. 29]. He failed to respond to undersigned counsel's repeated attempts to confer in preparation of the Joint Rule 26(f). [Doc. 28]. Finally, he failed to appear

at the scheduling conference held by this Court on October 6, 2022. [Doc. 31]. Defendant Diaz is not responsive to any attempts at communication and has eschewed his obligations to appear before the Court and participate in necessary proceedings. For these reasons, it would be futile for Plaintiff's counsel to attempt to meet and confer with Defendant Diaz. The Court was briefed and took judicial notice regarding the posture of the case and Defendant's failure to properly participate in the proceedings as was ordered by the Court and commanded by the Local Rules.

      Plaintiff Jane Doe, by and through undersigned counsel, hereby moves for an order striking Defendant Joseph 'Jojo' Diaz, Jr.'s Amended Answer to Complaint, requests the Court to direct the Clerk of the Court to hold Defendant Diaz in default, *see* **Attachment A** ("Plaintiff's Application for Entry of Default"), and further requests the Court to enter default judgment against Defendant Diaz.

## PROCEDURAL HISTORY

1.     Plaintiff Jane Doe filed her Complaint on April 7, 2022. [Doc. 1].

2.     The summons was issued on April 8, 2022. [Doc. 7]. Defendant Diaz was personally served with the Summons and Complaint on April 8, 2022 [Doc. 10].

3. Plaintiff, as a courtesy, afforded Defendant Diaz an additional three weeks to answer the Complaint. Defendant, acting *in pro per*, filed his defective Answer to Plaintiff's Complaint on May 18, 2022. [Doc. 17].

4. On May 20, 2022, The Court rejected the Answer as deficient and ordered Defendant to file an Amended Answer within five days of the Order. [Doc. 19].

5. Plaintiff filed an Application for Entry of Default Judgment against Defendant Diaz on June 24, 2022, for Diaz's failure to timely file his Amended Answer. [Doc. 22]. This application was denied due to a discrepancy between Defendant Diaz's name listed on the affidavit of service and his name in the Complaint. [Doc. 1, 10, 23].

6. Defendant Diaz untimely filed his Amended Answer on June 24, 2022—a month after the five-day deadline provided by the Court. [Doc. 24]. The Amended Answer included an email address, a telephone number, and a physical address. [Doc. 24].

7. On July 19, 2022, a filing from the Court entitled "Mail Returned to Clerk" demonstrated a mailing envelope that was sent from the Office of the Clerk to the Defendant at the address provided in his Amended Answer. [Doc. 27]. The envelope was marked "RTS Not at this address." [Doc. 27].

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT -3-

8. On September 23, 2022, after attempting to meet and confer with Defendant at least seven days prior, and receiving no response, Plaintiff moved to strike Defendant's Amended Answer on the basis that Defendant, for a second time, failed to comport with the Federal Rules of Civil Procedure, the local rules, and the Court's Order requiring him to provide his address. [Doc. 29]. Defendant's opposition, if any, to Plaintiff's motion was due by October 6, 2022. L.R. 7-9.

9. The Court *sua sponte* continued the hearing on the Motion to Strike Defendant's Amended Answer to December 15, 2022. [Doc. 32]. To date, Defendant has not filed an opposition to Plaintiff's motion to strike.

10. Plaintiff filed the Joint Rule 26(f) Report on September 22, 2022. Defendant Diaz did not respond to undersigned counsel's repeated communication attempts to meet and confer regarding the report. [Doc. 28].

11. The Court held a Scheduling Conference on October 6, 2022. As Diaz is litigating this case *pro se*, he is lead trial counsel in his defense, and was therefore required to attend the Scheduling Conference. [Doc. 25]. Defendant Diaz failed to appear. [Doc. 31].

12. On October 20, 2022, Plaintiff filed an amended proof of service reflecting Defendant Diaz's name as set forth in the caption. [Doc. 34].

13. On October 19, 2022, Diaz filed a Notice of Change of Address, which stated a different physical address from the one presented in his Amended

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT -4-

Answer. [Doc. 35]. Notably, Diaz gave no explanation as to why the address in his Amended Answer, filed June 24, 2022, was no longer serviceable less than a month later [Doc. 27], nor did he give any reason as to why all attempts to reach him at his designated email address (which he affirms in his Notice of Change of Address) have gone unanswered.

## ARGUMENT AND AUTHORITIES

In the relatively short life of this litigation, Diaz has repeatedly displayed a propensity towards contumacious conduct and contempt for the orders of this Court. He has repeatedly presented deficient pleadings to this Court, flaunted deadlines set for him, failed to appear as required at mandatory conferences, and disregarded any effort by Plaintiff to establish dialogue necessary to comport the litigation with the Federal Rules of Civil Procedure. It is noteworthy that Mr. Diaz has amassed over two million dollars in fight proceeds over the last year, has retained counsel to litigate four separate actions – two state - two currently pending federal – and has retained counsel to also contend with his various criminal misdeeds within the State of California. His actions rise well above the level of ignorance; they display open hostility towards the legal process, and the Court as its administrator. The Court is well within its right, both legally and morally, to sanction Diaz by striking his answer, entering judgment against him by default, and awarding Plaintiff

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT -5-

damages, as well as attorney's fees and costs associated with the action. Plaintiff invites the Court to exercise its authority to do just that.

## I. DIAZ'S FAILURE TO RESPOND TIMELY TO PLAINTIFF'S MOTION TO STRIKE SHOULD BE TREATED AS A CONCESSION.

Plaintiff acknowledges from the outset that Diaz's filing of the Notice of Change of Address could be viewed as "curing" the issue raised in the Motion to Strike. However, this analysis would ignore the more substantial motivations behind the motion; presenting an unusable address was merely a *symptom* of the more serious condition Plaintiff's Motion to Strike invited the Court to address: "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Indeed, events contemporaneous with and subsequent to the filing of the Motion to Strike have only served to bring the issue into starker contrast. Diaz flatly refused to participate in any way in the preparation of the Joint 26(f) Report, despite repeated invitations by Plaintiff's counsel to confer in advance of filing the report. More egregiously, despite the clear language in the Court's Order Setting Scheduling Conference regarding attendance of the parties' counsel, Diaz outright failed to appear for the hearing on October 6, 2022.

Further example of Diaz's disregard for the judicial process is apparent in his failure to respond to Plaintiff's Motion to Strike. As Local Rule 7-9 makes clear,

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT -6-

> "[e]ach opposing party shall … not later than twenty (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk … the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely[.]"

Plaintiff's Motion to Strike was originally set for hearing on October 27, 2022. Accordingly, Defendant's response was due by not later than October 6, 2022. The language of the rule is not permissive; rather, it instructs a party opposing the motion to file a conforming paper, or to file a statement that they do not object to the motion. Diaz did not, and has not, filed anything responsive to Plaintiff's Motion that comports with L.R. 7-9. Pursuant to L.R. 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]" The Court has full authority to deem Plaintiff's Motion to Strike Diaz's Answer conceded, and invites the Court to do so.

**II.    THE CLERK OF THE COURT SHOULD BE ORDERED TO PLACE DIAZ IN DEFAULT.**

The Court should order the Clerk of the Court to place Diaz in default, as all conditions for default have been satisfied. Plaintiff previously requested that the Clerk place Diaz in default; however, the Clerk rejected entry of default on the grounds that the "name of the person served does not exactly match the person

named in complaint[.]" [Doc. 21]. It appears that the reason for this is that the Complaint named "Joseph 'JoJo' Diaz Jr." as the Defendant [Doc. 1], while the original Proof of Service stated that the person served was "Joseph Diaz, Jr.," with the alias "JoJo" listed on a separate line. [Doc. 10].

On October 20, 2022, Plaintiff caused to be filed an Amended Affidavit of Service, naming "Joseph 'JoJo' Diaz, Jr." as the person to be served and the person, in fact, served on April 8, 2022 with the Complaint in this lawsuit. [Doc. 34]. Thus, it appears that the Clerk of the Court's concern about the name discrepancy has been cured. Therefore, Plaintiff respectfully requests that the Court order the Clerk to place Defendant Diaz in default.

### III. THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST DIAZ.

#### A. The Court has the Inherent Authority to Impose the Sanction of Default.

Pursuant to Federal Rule of Civil Procedure 55(b), the trial court has discretion as to whether a default judgment should be entered. *See also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "A district court is not constrained to impose the least onerous sanction available but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1022 (8th Cir.1999). "Where the drastic sanctions of dismissal or default are imposed ... the losing party's non-compliance must be due

to willfulness, fault or bad faith." *Jorgensen v. Cassiday,* 320 F.3d 906 (9th Cir. 2003) (*quoting Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir. 1994); *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker,* 24 F.3d at 1167; *Fjelstad,* 762 F.2d at 1341. A single willful violation may suffice depending on the circumstances. *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1056 (9th Cir. 1998), *cert. denied,* 526 U.S. 1064, 119 S.Ct. 1455, 143 L.Ed.2d 542 (1999); *see Ortiz–Rivera v. Municipal Government of Toa Alta,* 214 F.R.D. 51, 57 (D.P.R. 2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal).

Pursuant to the Court's Order Setting Scheduling Conference, "lead trial counsel must attend unless excused by the Court for good cause before the conference." [Doc. 25]. The Order also warns that "failure to submit a Joint Rule 26(f) Report in advance of the Scheduling Conference or to attend the Scheduling Conference may result in dismissal of the action, striking of the answer and entry of default, and/or imposition of sanctions." [Doc. 25]. The term "counsel" includes parties appearing pro se. [Doc. 25]. In violation of the Court's Order, Defendant Diaz failed to attend the Scheduling Conference held on October 6, 2022. Additionally, he did not respond to undersigned counsel's repeated attempts to

confer on the Joint Rule 26(f) Report. This forced Plaintiff to submit the report without Defendant Diaz's input. Per the Court's Order, the Court may strike Defendant Diaz's Amended Answer and enter a default judgment against Defendant Diaz for his failure for his failure to attend the conference and failure to cooperate in preparing the Joint Rule 26(f) Report.

Plaintiff understands that default judgment is a serious sanction; however, Defendant Diaz's failure to appear at the Scheduling Conference was not an isolated incident. Defendant Diaz has, on multiple occasions, willfully violated this Court's Orders and Local Rules. He failed to file an amended answer by the deadline established by this Court. When he did file an amended answer, it was not compliant with the Court's order that he provide his true address. He failed to respond to undersigned counsel's repeated attempts to meet and confer regarding Plaintiff's Motion to Strike, and efforts to confer on the Joint Rule 26(f) Report. The fact that Defendant Diaz is a *pro se* litigant bears no weight on whether entry of default is proper because, as explicitly stated in the Order Setting Scheduling Conference, "[t]his Court does not exempt parties appearing pro se from compliance with any of the Federal Rules of Civil Procedure and the Local Rules." [Doc. 25]. For these reasons, default judgment is proportional to Defendant Diaz's deliberate refusal to participate in this litigation.

The Ninth Circuit has identified seven factors courts may apply in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of the money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Application of the *Eitel* factors to this case's facts demonstrates a clear preference for default.

### B. The *Eitel* Factors

#### 1. Possibility of Prejudice to Plaintiff

Plaintiff would be prejudiced absent a default judgment. Diaz has demonstrated a clear pattern of behavior: evasive conduct in filings, non-engagement with Plaintiff's counsel, and overall selective participation in the process. Diaz's transgressions against the good order of the judicial process are legion:

- In his Amended Answer, Diaz provided the Court and Plaintiff with an address at which he could not be reached. In light of developments, Plaintiff is convinced that Diaz intentionally chose not to provide his true address in an attempt to deceive the Court and frustrate the procession of this lawsuit.

- Diaz has repeatedly displayed open contempt for this Court's orders:

- o He filed his Amended Answer a month after the deadline for filing imposed by the Court.
- o His Amended Answer did not contain a correct address, which was the very reason the Court ordered him to file an Amended Answer in the first place.
- o He disregarded the Court's order to cooperate in the development of the Joint 26(f) Report, ignoring every attempt by Plaintiff's counsel to meet and confer as instructed.
- o He failed to attend the Scheduling Conference, despite the Court making clear in its Order that lead trial counsel were to attend, unless excused in advance of the hearing. Diaz obtained no such dispensation.
- Diaz has uniformly failed to respond to any attempt at contact by Plaintiff's counsel in furtherance of the litigation of this matter, which have specifically been by email to the address provided by Diaz. At this juncture, Plaintiff cannot assert, with any degree of certainty, whether attempts at communication are simply being ignored by Diaz, or whether the email address, like the physical address he previously provided, is a fabrication designed to conceal himself from the Court. Both options are deeply problematic and reflect Diaz's hostility towards this Court and the litigation process.

As a result of Diaz's numerous transgressions, Plaintiff has been prejudiced by outsized litigation costs, expended in motions practice and futile attempts to engage Diaz in the process.[1] As this conduct is persistent historically and an ongoing concern, Plaintiff has every reason to suspect that Diaz will continue in his antics unless drastic action is taken.

Accordingly, this factor favors default judgment.

### 2. The Merits of the Substantive claims and Sufficiency of the Complaint

Plaintiff's complaint is sufficient; therefore, her substantive claims have merit. Plaintiff's complaint arises out of 18 U.S.C. § 2455(b), a federal statute that permits minor victims of enticement or coercion to engage in sexual activity as defined 18 U.S.C. § 2422(b) to recover statutory damages. The same statutory code makes it a federal, criminal offense to knowingly attempt to persuade, induce, entice, or coerce an individual who has not yet attained the age of 18 years, via means of interstate and foreign commerce, to engage in sexual activity for which Defendant can be charged with a criminal offense.

---

[1] Increase in litigation costs has been treated favorably in analysis of prejudice to the party seeking sanctions. Microsoft Corp. v. Marturano, No. 106-CV-1747 OWW GSA, 2009 WL 650589, at *5 (E.D. Cal. Mar. 12, 2009) ("[T]he risk of prejudice to the party seeking sanctions is also satisfied. Defendant's refusal to participate in the discovery process has unnecessarily continued the duration of this case. As a result, Plaintiff's cost of this litigation has increased.").

Plaintiff's Complaint establishes that she was 17 years old when Defendant Diaz sent her an unsolicited photograph of himself with his erect penis in full view and that Defendant Diaz knew she was a minor at the time he sent her the photograph. The Complaint states that the photograph was sent via means of interstate and foreign commerce as it was sent through a virtual application on Defendant's phone. The Complaint further states that Defendant Diaz sent the nude photograph with the purpose of persuading, inducing, enticing, or coercing Plaintiff into engaging in sexual acts with him. The Complaint alleges that the distribution of the photograph was a substantial step towards the commission of the crime in order to establish attempt. Finally, the Complaint states that Defendant Diaz's conduct constitutes an activity for which he can be charged with a criminal offense under the California Penal Code. Accordingly, the second and third *Eitel* factors favor the entry of default judgment.

### 3. Sum of Money at Stake

"[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). The statute under which Plaintiff is seeking an award provides that Plaintiff may recover $150,000 in liquidated

damages.² Thus, "the sum of the money at stake is tailored to the specific misconduct of the defendant," making default judgment appropriate under the fourth element. *Unicolors, Inc. v. Zulily, LLC*, 2018 WL 6164791 at *5 (C.D. Cal. July 25, 2018). Because the amount of money at stake is explicitly authorized by the statute, the damages sought are not unreasonable. Accordingly, the fourth *Eitel* factor favors entry of default judgment.

### 4. Possibility of Dispute Concerning Material Facts

"Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico, Inc.,*, 238 F.Supp.2d at 1177. Therefore, if Diaz's Amended Answer is stricken, on the basis of any his litany of transgressions against the Federal Rules of Civil Procedure, the Local Rules of the Court, or the orders of the Court itself, there is no dispute concerning material facts. Accordingly, this *Eitel* factor favors entry of default judgment.

### 5. Whether Default Was Due to Excusable Neglect

The Court must consider whether the conditions resulting in entry of default are due to excusable neglect on the Defendant's part. *Eitel,* 782 F.2d at 1472. Such a concern does not exist here. Diaz has repeatedly demonstrated his *ability* to

---

² "Any person who, while a minor, was a victim of a violation of section … 2242 … and who suffers personal injury as a result of such violation … may sue in any appropriate United States District Court and shall recover … liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255.

participate in the process: he was properly served with the Complaint and Summons, and he has filed pleadings in the case more than once. Therefore, it is extremely unlikely that his failures are due to any excusable neglect. On the contrary, the evidence suggests that Diaz has *willfull*y failed to participate in this litigation and has failed to adhere to the Court's orders to file a compliant answer, appear at the scheduling conference, and communicate with undersigned counsel when necessary. As courts have previously noted, "disobedience of Court Orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]" *Ortiz-Rivera,* 214 F.R.D. at 57. Defendant has provided no evidence that any of his actions resulted from excusable neglect. Accordingly, this *Eitel* factor favors entry of default judgment.

### 6. Policy Favoring Decision on the Merits

While Plaintiff understands the importance of the strong policy preference in favor of deciding claims on the merits, "the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *Pepsico, Inc.,* 238 F.Supp.2d at1177 (internal citations and quotations omitted). "While the public's interest certainly favors resolution of cases on the merits, the public has an equal, if not greater interest in ensuring confidence in our judicial system and in the speedy and fair administration of justice." *Microsoft Corp.*, 2009 WL 650589, at *5. This is particularly true where a defendant is "under the mistaken belief that

he can make an appearance just prior to the entry of an adverse ruling against him without participating in the litigation process." *Id.* At *4. Accordingly, the final *Eitel* factor favors entry of default judgment.

### C. Awarding Plaintiff Damages, Litigation Costs and Attorney's Fees Pursuant to Default is Appropriate.

The Court should award Plaintiff her liquidated damages in the amount of $150,000.00, as well as her litigation costs and reasonable attorney's fees. Upon entry of default, a plaintiff is required to prove the amount of her damages, because neither the default nor the allegations in the complaint can establish the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The district court may determine the amount of damages without an evidentiary hearing where "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). Additionally, the statutory authority under which Plaintiff claims her damages provides that Plaintiff "shall" recover her litigation costs and reasonable attorney's fees associated with the action. 18 U.S.C. § 2255. Moreover, in the absence of special circumstances, it is an abuse of discretion for the district court to *deny* a prevailing plaintiff attorneys' fees. *McConnell v. MEBA Med. & Benefits, Plan,* 778 F.2d 521, 525 (9th Cir. 1985). Accordingly, Plaintiff's request for litigation costs and attorney's fees should be granted.

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT -17-

# CONCLUSION

WHEREFORE, Plaintiff Jane Doe respectfully prays the Court:

(1) Prohibit the Defendant from filing a responsive pleading to Plaintiff's Motion to Strike Defendant's Amended Answer;

(2) Enter an order granting Plaintiff's Motion to Strike Defendant's Amended Answer;

(3) Enter an order striking Defendant's Amended Answer;

(4) Direct the Clerk of the Court to enter Defendant into Default;

(5) Enter default judgment against Defendant; and

(6) Grant Plaintiff's statutorily mandated litigation costs and attorney fees, in an amount to be fixed by presentation of affidavits of Plaintiff's counsel not later than ten days from the date the Clerk of the Court enters Defendant into default.

Dated: October 27, 2022

Respectfully submitted,

/s/ Rajan O. Dhungana
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
rdhungana@fedpractice.com
*Attorney for Plaintiff*
Jane Doe

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2022, I served a copy of the foregoing via email to the Defendant at jojotheboxer@gmail.com, which is an email address claimed to belong to the Defendant, from which Defendant has previous accepted service.

/s/ Rajan O. Dhungana
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
rdhungana@fedpractice.com
*Attorney for Plaintiff*
Jane Doe

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT -19-