O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>  v.<br><br>JOSEPH DIAZ JR.,<br><br>   Defendant. | Case No.: 2:22-cv-02344-MEMF(GJSx)<br><br>**ORDER DENYING MOTION TO STRIKE [ECF NO. 29] AND MOTION FOR DEFAULT JUDGMENT [ECF NO. 37]** |

  Before the Court are the Motion to Strike (ECF No. 29) and Motion for Default Judgment (ECF No. 37) filed by Plaintiff Jane Doe. For the reasons stated herein, the Court DENIES the Motion to Strike and Motion for Default Judgment.

/ / /

/ / /

1

**I.     Background**

  **A.  Factual Background**[1]

  Defendant Joseph "Jojo" Diaz ("Diaz") is a former world-champion boxer who has allegedly engaged in sexual activity with female minors. Compl. at 2. Diaz has sent unsolicited pictures of his genitalia through social media platforms in order to solicit sexual activity with at least four female minors. *Id.*

  In 2010, Diaz began dating Plaintiff Jane Doe ("Doe")'s older sister. *Id.* ¶ 9.

  On September 3, 2020, Diaz sent an explicit photograph of himself, with his genitalia and face visible, to Doe, who was seventeen years old at the time.[2] *Id.* ¶ 6. The explicit photograph was sent through Snapchat, a social media application. *Id.* ¶ 7. Doe showed the explicit photograph to her mother, who took a photograph of explicit photograph with another phone. *Id.* ¶ 8; *Id.*, Ex. A. Doe's parents contacted Diaz's father, who confirmed that it was his son in the explicit photograph sent to Doe but asserted that Diaz had mistakenly sent the photograph to Doe because he had been heavily drinking the night before. *Id.* ¶ 11.

  On or around September 20, 2021, Doe filed a police report with the Los Angeles County Sheriff's Department. *Id.* ¶ 12. On or around November 30, 2021, the detective assigned to the case called Doe's father. *Id.* ¶ 13. According to the detective, Diaz admitted that the explicit photo was of himself but claimed that his girlfriend had accessed his Snapchat account and sent the explicit photograph to Doe. *Id.* The detective also told Doe's father that Diaz "seemed like a nice kid." *Id.* ¶ 14. The Sheriff's Department ultimately concluded that the transmission of the explicit photograph was a "mistake" and concluded their investigation. *Id.* ¶ 14.

  **B.  Procedural Background**

  On April 7, 2022, Doe filed a complaint against Diaz, alleging two causes of action: (1) Coercion and Enticement under 18 U.S.C. § 2422(b); and (2) civil remedy for personal injuries

---

[1] This factual background is taken from the allegations set forth in the Complaint. *See generally* ECF No. 1 ("Compl.").

[2] Although the Complaint is not clear, it appears that Diaz and Doe's older sister were no longer dating by this time.

under 18 U.S.C. § 2255. *Id.* ¶¶ 15–31. On May 18, 2022, Diaz filed an Answer to the Complaint. ECF No. 17.

On May 20, 2022, the Court issued a Notice of Discrepancy and Order, noting that Diaz's Answer failed to include a current address, telephone and facsimile numbers, and e-mail address as required under C.D. Cal. L.R. 11-3.8 and ordering that Diaz file an Amended Answer with the missing information. ECF No. 19. On June 24, 2022, Diaz filed an Amended Answer, including an address located in Beverly Hills, California, a telephone number, and an e-mail address. ECF No. 24. However, on July 19, 2022, the Clerk docketed a filing indicating that communications sent from the Clerk's Office to Diaz at the Beverly Hills address were returned. ECF No. 27. The envelope was marked "RTS Not at this address." *Id.*

On September 23, 2022, Doe filed the instant Motion to Strike the Amended Answer. ECF No. 29 ("MTS"). On October 17, 2022, the Clerk sent additional communications to Diaz at his Beverly Hills address. ECF No. 38 (postmarked October 17, 2022). On October 19, 2022, Diaz filed a Notice of Change of Address, indicating that his addressed had changed to a location in Upland, California. ECF No. 35. On October 25, 2022, the Clerk's October 17, 2022 communications were returned, marked "RTS Not at this address." ECF No. 38.

On October 27, 2022, Doe filed an Application for Entry of Default against Diaz (ECF No. 36), as well as the instant Motion for Default Judgment (ECF No. 37 ("MDJ")). On November 14, 2022, the Court issued an Order advancing the hearing on the Motion for Default Judgment to December 1, 2022, and ordering Doe to serve on Diaz at his Upland address copies of the Motion to Strike, Motion for Default Judgment, and Application for Entry of Default, as well as notice of the December 1, 2022 hearing on the pending motions. ECF No. 39. On November 18, 2022, Doe filed a certificate and proof of service with the Court indicating that she had complied with the November 14, 2022 Order. ECF Nos. 40 ("Certificate of Service"), 41. The Certificate of Service stated that Diaz had been served via U.S. Postal Service certified and priority mail, but that both packages had been returned "because the addressee was not known at the delivery address noted on the package." ECF No. 40; *see also* ECF Nos. 40-2, 40-4. The Certificate further stated that Diaz had been served via email address, whereupon he replied to the email. *See* Certificate of Service.

The Court held oral argument on this matter on December 1, 2022. Counsel for Doe appeared at the hearing, but Diaz failed to appear. ECF No. 44. Later that day, the Court received an ex parte communication from Diaz, who asserted that he was unaware that the hearing was still taking place because he believed he had filed a notice of change of address and cured the defects raised in the pending motions. ECF No. 43, Ex. A. In response, the Court issued a minute order requiring Diaz to file any oppositions to the pending motions by no later than December 2, 2022. *Id.* No such oppositions were filed. On December 20, 2022, the Court issued an Order to Show Cause why the Answer should not be stricken and set a hearing on the OSC for April 13, 2023. ECF No. 46. The Court ordered Diaz to file a Notice of Change of Address or Oppositions to the pending Motion to Strike or Motion for Default Judgment by no later than January 31, 2023. *Id.* On January 31, 2023, Diaz filed a Notice of Errata RE: Change of Address and provided the following address: 250 N. College Park Drive, Unit i13, Upland, CA 91786. ECF No. 50. On February 15, 2023, the Court ordered Doe to provide notice to Diaz of the April 13, 2023 hearing using this new address and to file a proof of service indicating the date, time, and manner of service. ECF No. 51. On February 21, 2023, Doe complied with the Court's order by filing a proof of service confirming that Diaz was served personally. ECF No. 52.

## II. Applicable Law

### A. Motion to Strike Under Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading . . . any . . . immaterial [or] impertinent . . . matter . . . on motion made by a party." FED. R. CIV. P. 12(f).

### B. Obligation to Provide Adequate Address

Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper . . . must state the [signing party or attorney's] address, e-mail address, and telephone number." FED. R. CIV. P. 11(a).

Similarly, the Local Rules for the Central District of California require that the first page of all documents include, among other things, the filing attorney or party's: (1) address; (2) telephone and facsimile numbers; and (3) e-mail address. C.D. Cal. L.R. 11-3.8. The Local Rules further

require that "any party who has appeared pro se in a case pending before the Court, and who changes his or her . . . office address (or residence address, if no office is maintained) . . . must, within five (5) days of the change, notify the Clerk of Court in writing. If any actions are currently pending, the attorney or party must file and serve a copy of the notice upon all parties." C.D. Cal. L.R. 83-2.4.

### C. Motion for Default Judgment

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other like fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice, if required by FED. R. CIV. P. 55(b)(2). C.D. Cal. L.R. 55-1.

## III. Discussion

### A. Because Diaz has provided the Court with a proper address, the Motion to Strike the Amended Answer is moot.

The Court has repeatedly requested that Diaz provide a current mailing address to which communications could be sent. On January 31, 2023, he Diaz filed a Notice of Errata RE: Change of Address and provided the following address: 250 N. College Park Drive, Unit i13, Upland, CA 91786. Should Diaz's current address change, he is required under Local Rule 83-2.4 to notify the Clerk of Court in writing immediately, but no later than five (5) days of the change and serve a copy of that notice on all parties. C.D. Cal. L.R. 83-2.4. The Court further admonishes Diaz that a defective address in the future would likely result in the Court granting any future Motions to Strike and Motions for Default Judgment brought by Doe.

Because the updated address appears to be proper and Doe has certified that she was able to successfully serve Diaz, however, the Court DENIES the Motion to Strike the Amended Answer as MOOT.

/ / /

**B. Because Diaz has appeared in this case, default is inappropriate.**

Under Federal Rule of Civil Procedure 55(b), the Court may grant default judgment after the Clerk of the Court enters default under Rule 55(a). Notably, the Clerk of Court has not yet done so. ECF No. 36 (Application for Entry of Default that has yet to be ruled on). As a result, the Motion for Default Judgment is untimely. Moreover, the Court notes that the Clerk of Court may only enter default under Rule 55(a) against a party who "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Because the Court has denied Doe's Motion to Strike the Amended Answer, Diaz *has* pleaded or otherwise defended himself against Doe's complaint. *See* ECF No. 24 (Amended Answer). As a result, entry of default by the Clerk of Court would be improper. The Court therefore DENIES the Motion for Default Judgment.

## IV. Conclusion

In light of the foregoing, the Court hereby ORDERS as follows:

1. The Motion to Strike is DENIED as MOOT;
2. The Motion for Default Judgment is DENIED; and
3. The parties must meet and confer and file an amended Joint 26(f) Report within fourteen (14) days of this Order. The amended Report shall address all topics that are required by Court's operative Standing Order and Order Setting Scheduling Conference. Should the parties wish to amend the Civil Trial Order, they shall meet and confer and file an appropriate stipulation or application.

IT IS SO ORDERED.

Dated: March 23, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge