1 *In Pro Per Defendant*
Joseph P. Diaz Jr.

2
Rajan O. Dhungana (SBN: 297794)
3 rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
4 431 N Brookhurst St, Suite 130
Anaheim, Califorrnia 92801
5
Telephone: (310) 795-6905
6 *Attorney for Plaintiff*
7 Jane Doe

8

9 **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA**

11 **(WESTERN DIVISION)**

12 JANE DOE,        2:22-cv-02344-MEMF-GJSx

13      Plaintiff,   **JOINT RULE 26(f) REPORT**

14    v.

15
16 JOSEPH 'JOJO' DIAZ, JR.,

17 Defendant.

**TO THE HONORABLE JUDGE MAAME EWUSI-MENSAH FRIMPONG:**

Plaintiff and Defendant hereby timely submits the joint status report under Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's March 23, 2023, Order (ECF 54).

**A.** **Statement of the Case**

(a) Plaintiff's Statement:

This is a civil action filed by Plaintiff against the Defendant for his violation of federal law. Specifically, on the evening of September 3, 2020, Defendant sent Plaintiff a photograph of himself in which his penis, bare chest, and face were all visible. Plaintiff was a 17-year-old minor at the time. Plaintiff did not view the photograph until the next morning because her parents routinely held their minor children's cellphones each evening. The offending photograph was sent through the popular social media application Snapchat. Ordinarily, when the recipient opens a Snapchat message or photograph, the sender can see that it was opened and viewed. A Snapchat message or photograph generally disappears a few seconds after being opened unless the recipient screenshots the communication or takes a photograph of it using another device. The recipient can bypass this feature by partially sliding the message prior to opening. Plaintiff regularly did this when receiving Snapchat messages and did so upon receiving the message from Defendant.

Shocked and upset, Plaintiff immediately sought her mother's assistance. Plaintiff's mother opened the offending Snapchat and took a photograph of the sexually graphic material with another phone to preserve the evidence.

After Plaintiff's mother took a picture of the obscenity, she called Plaintiff's father. Plaintiff's father then called Defendant's father to inform him that his adult son sent the sexually graphic material to his minor daughter. Defendant's father confirmed that it was his son in the photograph and that it was sent to Plaintiff from his son's phone. The father asserted that Defendant had "mistakenly" sent the photograph to Plaintiff because he had been heavily drinking the night before.

When interviewed by the Los Angeles County Sheriff's Department about the incident, Defendant claimed that his girlfriend, not him, sent the photograph.

(b) Defendant's Statement:

I am defending myself In Pro Per in this matter. As I stated in the Answer I filed, I generally deny all of the allegations made in the complaint against me and have plead any and all available affirmative defenses, which are incorporated herein by reference.

**B. <u>Subject Matter Jurisdiction</u>**

(a) Plaintiff's Position:

This Court has subject matter jurisdiction over Plaintiff's claims alleging violations of 18 U.S.C. § 2422(b) and 18 U.S.C. § 2255 under 28 U.S.C. § 1331

2

(action arising under the laws of the United States).

 (b) Defendants' Position:

I am defending myself In Pro Per. I am not aware of any objections to this Court's Subject Matter Jurisdiction.

**C.** **Legal Issues**

 (a) Plaintiff's Position:

Plaintiff alleges the following claims against Defendant: Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), and seeks a civil remedy for the damages resulting therefrom, per 18 U.S.C. § 2255. There are no unusual substantive legal or evidentiary issues in this case.

 (b) Defendant's Position:

I am defending myself In Pro Per in this matter. As I stated in the Answer I filed, I generally deny all of the allegations made in the complaint against me and have plead any and all available affirmative defenses, which are incorporated herein by reference.

**D.** **Damages**

 (a) Plaintiff's Position:

Plaintiff seeks liquidated damages in the amount of $150,000.00; recovery of his attorneys' fees in an amount to be determined; and all other damages, costs,

penalties, and fees recoverable.

(b)  Defendant's Position:

I am defending myself In Pro Per in this matter. As I stated in the Answer I filed, I generally deny all of the allegations made in the complaint against me and have plead any and all available affirmative defenses, which are incorporated herein by reference.

E. **Parties and Evidence**

(a)  Plaintiff's Parties and Witnesses:

1. Jane Doe (Plaintiff)

2. Joseph 'JoJo' Diaz Jr. (Defendant)

3. Plaintiff Jane Doe's Mother

4. Plaintiff Jane Doe's Father

5. Plaintiff Jane Doe's sister

6. Defendant Joseph 'JoJo' Diaz Jr.'s father

7. Defendant Joseph 'JoJo' Diaz Jr.'s girlfriend (at the time)

8. Ralph Heredia

9. Los Angeles County Sheriff's Department Detective FNU LNU

(b)  Defendants' Parties and Witnesses:

I am defending myself In Pro Per in this matter. As I stated in the Answer I filed, I generally deny all of the allegations made in the complaint against me and

have plead any and all available affirmative defenses, which are incorporated herein by reference. Since I deny all of the allegations, and discovery has not yet taken place, I reserve the right to identify any and all witnesses at a later date.

    (c) Plaintiff's Key Documents:

    1.    Emails, texts, and app-based messaging between the parties and witnesses

    2.    The offending photograph

    3.    Jane Doe's mother's photograph of the offending photograph

    4.    Other documents obtained in discovery

    (d) Defendants' Key Documents:

I am defending myself In Pro Per in this matter. As I stated in the Answer I filed, I generally deny all of the allegations made in the complaint against me and have plead any and all available affirmative defenses, which are incorporated herein by reference. Since I deny all of the allegations, and discovery has not yet taken place, I reserve the right to identify any and all documents at a later date.

**F.**     **Insurance**

    (a) Plaintiff's Position:

Plaintiff is not currently aware of any insurance agreement under which any insurance carrier may be liable in connection with this action.

    (b) Defendant's Position:

5
JOINT REPORT OF MEETING UNDER RULE 26(f)

I am not currently aware of any insurance agreement under which the claims made against me might be covered.

**G.   Manual for Complex Litigation**

Plaintiff does not anticipate a need to utilize the Manual for Complex Litigation.

**H.   Motions**

(a)  Plaintiff's Position:

Based on the facts currently known to Plaintiff, she does not anticipate that motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction will be likely.

(b)  Defendant's Position:

Based on the facts currently known to me, I do not anticipate that motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction will be likely.

**I.   Dispositive Motions**

(a)   Plaintiff's Position:

Plaintiff believes that Defendant's liability may be established by a motion for judgment on the pleadings or a motion for summary judgment.

(b)  Defendant's Position:

I am defending myself In Pro Per in this matter. As I stated in the Answer I

filed, I generally deny all of the allegations made in the complaint against me and have plead any and all available affirmative defenses, which are incorporated herein by reference. Therefore, a motion for summary judgment and/or other dispositive motion may be required.

**J.     Status of Discovery**

(a)   Plaintiff's Position:

No discovery has yet been served. Plaintiff anticipates propounding Requests for Admission prior to the October 6, 2022 Scheduling Conference. Plaintiff will make her Rule 26(a) Initial Disclosures by September 30, 2022. Plaintiff will provide all disclosures required by Rule 26(a). Plaintiff anticipates that a protective order may be necessary in this case and is not sure whether Defendant will stipulate to one. If he does not, Plaintiff will move the Court for one.

(b)   Defendant's Position:

No discovery has yet been served. I will provide all disclosures required by Rule 26(a). I am willing to meet & confer re: a possible protective order to be entered in this case.

**K.     Discovery Plan**

(a)   Plaintiff's Plan:

1.   No changes in the disclosures under Federal Rule of Civil Procedure 26(a) should be made.

2. Plaintiff will conduct discovery to establish Defendant's liability, including but not limited to authenticating the photograph, its source, the method by which it was sent to Plaintiff, its genuineness, any investigations of the photograph and the circumstances by which it was sent to Plaintiff, and any other issues revealed during discovery.

3. Discovery need not be conducted in phases or otherwise limited beyond the limits already present in the Federal and Local Rules.

4. No applicable discovery limitations need to be changed, and no other limitations need be imposed.

5. At this juncture there is no need for the Court to enter any other orders. As stated in this Joint Report, a protective order may well become necessary. If so, Plaintiff will seek Defendant's stipulation prior to moving the Court for an order.

(b) Defendant's Plan:

I concur with Nos. 1, 3, 4 and 5 from plaintiff's section above.

**L.** **Expert Discovery**

Plaintiff proposes expert witness disclosures (initial) be disclosed by May 18, 2023 and expert disclosure (rebuttal) by June 1, 2023. The Parties propose a cut-off date for expert witness discovery of June 15, 2023.

//

**M.     Settlement Conference/Alternative Dispute Resolution ("ADR")**

No productive settlement discussions have occurred to date. Plaintiff is open to participating in ADR Procedure No. 1, appearing before the district judge or magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct.

**N.     Trial Estimate**

(a)  Plaintiff's Position:

This will be a jury trial. The parties have not completed sufficient discovery to know realistically the length of the trial but anticipate that the trial of this matter will take approximately three to four days. Plaintiff anticipates calling up to approximately nine witnesses.

(b)  Defendant's Position:

**O.     Trial Counsel**

Plaintiff: Rajan O. Dhungana

Defendant:  I am defending myself In Pro Per.

**P.     Magistrate Judge**

Plaintiff does not consent to the assignment of this matter to a Magistrate Judge.

**Q.     Independent Expert or Master**

The appointment of a master is not necessary at this time.

R.  **Schedule Worksheet**

Please see Exhibit A, attached.

S.  **Class Actions**

The parties do not anticipate this matter becoming a class action.

T.  **Other Issues:**

(a) Plaintiff's Position:

At this time, Plaintiff is unaware of any unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, witnesses who will need the assistance of a court interpreter, reasonable ADA accommodations, discovery in foreign jurisdictions, the applicability of foreign law, the advanced age or health of parties or key witnesses, and any proposals concerning severance, bifurcation, or other ordering of proof.

Given the graphic and offensive nature of one of Plaintiff's key pieces of evidence, to wit, the picture that Defendant sent to the then-minor Plaintiff of Defendant nude showing his penis, the Court may wish to issue guidelines governing the display of such material at trial.

(c)  Defendants' Position:

At this time, I am unaware of any unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, witnesses who will need the assistance of a court interpreter,

reasonable ADA accommodations, discovery in foreign jurisdictions, the applicability of foreign law, the advanced age or health of parties or key witnesses, and any proposals concerning severance, bifurcation, or other ordering of proof.

Respectfully submitted,

Dated: April 6, 2023  **FEDERAL PRACTICE GROUP**

By: */s/ Rajan O. Dhungana*
Rajan O. Dhungana
Attorney for Plaintiff
Jane Doe

Dated: April 6, 2023

_____[1]
Joseph Diaz, Jr.
Defendant

---

[1] Plaintiff's Counsel attempted to engage with Defendant, but no substantive communications occurred. On April 6, 2023, Defendant emailed Plaintiff's Counsel his portion of the Joint Status Report with no comments or instructions attached. On the same day, Plaintiff's Counsel compiled and formatted the Joint Status Report incorporating all of Defendant's exact words in his portion of the JSR. Plaintiff's Counsel then emailed Defendant this copy of the Joint Status Report for his review (sans footnote) within hours of Defendant's email to Plaintiff's Counsel, and asked him to let Plaintiff's Counsel know if the JSR was good to go to file with the court. Having received no communication from Defendant, Plaintiff's Counsel cannot affix Defendant's electronic signature on the Joint Status Report without Defendant's consent. In order not to miss the deadline, Plaintiff's Counsel has filed this JSR by close of business on April 6, 2023, on or around 5:00pm without Defendant's signature. Plaintiff's Counsel has incorporated all of Defendant's words into this JSR verbatim.

# EXHIBIT A

**DISTRICT JUDGE MAAME EWUSI-MENSAH FRIMPONG**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. 2:22-cv-02344-MEMF-GJSx | Case Name: Jane Doe v. Joseph 'JoJo' Diaz Jr. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one: ☒ Jury Trial or ☐ Bench Trial [Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity] Estimated Duration: ___4__ Days | | November 13-16, 2023 | |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine [Wednesday at 9:00 a.m. at least 19 days before trial] | | October 25, 2023 | |
| **Event[2]** Note: Hearings shall be on Thursdays at 10:00 a.m.[3] Other dates can be any day of the week. | **Time Computation[4]** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Thursday] | 6 weeks after scheduling conference | December 1, 2022 | |
| Fact Discovery Cut-Off (no later than deadline for filing dispositive motion) | 24 weeks before FPTC | May 11, 2023 | |
| Expert Disclosure (Initial) | 23 weeks before FPTC | May 18, 2023 | |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | June 1, 2023 | |
| Expert Discovery Cut-Off | 19 weeks before FPTC[5] | June 15, 2023 | |
| Last Date to Hear Motions [Thursday]<br>• Motion for Summary Judgment due at least 6 weeks before hearing<br>• All other motions due at least 4 weeks before hearing<br>• Opposition due 1 week after motion is filed<br>• Reply due 1 week after opposition is filed | 12 weeks before FPTC | August 3, 2023 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] Select one: ☒ 1. Magistrate Judge (with Court approval)  ☐ 2. Court Mediation Panel  ☐ 3. Private Mediation | 10 weeks before FPTC | August 17, 2023 | |

---

[2] The parties may seek dates for additional events by filing a separate stipulation and proposed order.

[3] By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.

[4] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions, patent, and ERISA cases may need to vary from the above.

[5] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.

| Trial Filings (first round)<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | September 28, 2023 | |
|---|---|---|---|
| Trial Filings (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | October 12, 2023 | |

# CERTIFICATE OF SERVICE

I, Rajan O. Dhungana, hereby certify that on April 6, 2023 I electronically filed the foregoing via the Court's Electronic Court Filing system. In addition, I certify that I sent a courtesy copy of such filing to Defendant Diaz at an email address that Defendant has acknowledged belongs to him: jojotheboxer@gmail.com.

Dated:  April 6, 2023            By: */s/ Rajan O. Dhungana*
                                         Rajan O. Dhungana