Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Federal Practice Group
431 N Brookhurst St, Suite 130
Anaheim, California 92801
Telephone: (310) 795-6905
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION)

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH DIAZ JR.,<br><br>    Defendant | Case No.: 2:22-cv-02344-MEMF-GJSx<br><br>Pleading Title |

# **PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO CONTINUE PRETRIAL AND TRIAL DEADLINES**

NOTICE IF HEREBY GIVEN that on September 7, 2023, at 10:00 A.M. before the Honorable Maame Equsi-Mensah Frimpong, in Courtroom 8B of the United States Courthouse for the Central District of California, Western Division, United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Plaintiff Jane Doe will and hereby does move the Court to continue the pretrial and trial deadlines established in this Court's May 22, 2023, Scheduling Order. [Doc. 59].

Undersigned counsel is cognizant of this Court's meet and confer requirements pursuant to Local Rule 7-3 and this Court's Standing Order. [Doc. 26]. On May 23, 2023, undersigned counsel e-mailed Defendant regarding stipulating to continuing the pretrial and trial deadlines. The correspondence was sent to the e-mail address provided by Defendant in his Amended Answer [Doc. 24] and affirmed by Defendant in his Notice of Change of Address and Notice of Errata. [Doc. 35, 50].

To date, Defendant has failed to provide a response to undersigned counsel's attempt to meet and confer regarding the stipulation. This is consistent with his conduct throughout the course of this litigation. Defendant has previously failed to respond to repeated requests to meet and confer regarding Plaintiff's Motion to Strike [Doc. 29], failed to respond to requests to meet and confer in preparation of a prior Joint Rule 26(f) Report [Doc. 28], failed to appear before the Court at the scheduling conference [Doc. 31], failed to appear before the Court at the hearing on Plaintiff's Motion to Strike and Motion for Default Judgment [Doc. 44], and repeatedly failed to provide his address in violation of this Court's orders and local rules [Doc. 17, 19, 42, 47-49, 53, 55, 58]. Indeed, Defendant continues to intentionally violate this Court's rules and procedures—since Defendant filed a Notice of Errata purporting to correct his address on January 31, 2023 [Doc. 50], three separate documents mailed by the Court to his address have been returned to

the sender. [Doc. 53, 55, 58]. Defendant has not provided an updated address to the Court to date.

Defendant's conduct throughout this litigation spurred Plaintiff's Motion to Strike and Motion for Entry of Default Judgment. The Parties did not engage in any discovery efforts pending the resolution of these motions.

Plaintiff Jane Doe, by and through undersigned counsel and for good cause shown, hereby moves to continue the pretrial and trial deadlines.

## **PROCEDURAL HISTORY**

1. On April 7, 2022, Plaintiff filed her Complaint. [Doc. 1].

2. Defendant, acting *in pro per*, filed his defective Answer to the Complaint on May 18, 2022. [Doc. 17].

3. On May 20, 2022, the Court rejected that Answer as deficient and ordered Defendant to file an Amended Answer within five days of the Order. [Doc. 18, 19].

4. Plaintiff filed an Application for Entry of Default Judgment against Defendant on June 24, 2022, for his failure to timely file an Amended Answer. [Doc. 22]. This application was denied due to a discrepancy between Defendant Diaz's name listed on the proof of service and his name on the Complaint. [Doc. 1, 10, 20-23].

5. Defendant filed his Amended Answer on June 24, 2022. [Doc. 24]. The Amended Answer included an email address, a telephone number, and a physical address. [Doc. 24].

6. On July 19, 2022, a filing from the Court entitled "Mail Returned addressed to Joseph Diaz Jr." displayed a mailing envelope that was sent from the Office of the Clerk to the Defendant at the address provided in his Amended Answer. [Doc. 27]. The envelope was marked "RTS Not at this address." [Doc. 27].

7. On September 23, 2022, after attempting to meet and confer with Defendant at least seven days prior, and receiving no response, Plaintiff moved to strike Defendant's Amended Answer on the basis that Defendant, for a second time, failed to comport with the Federal Rules of Civil Procedure, the local rules, and the Court's Order requiring him to provide his address. [Doc. 29]. Defendant's opposition, if any, to Plaintiff's motion was due by October 6, 2022. L.R. 7-9.

8. The Court *sua sponte* continued the hearing on the Motion to Strike Defendant's Amended Answer to December 15, 2022. [Doc. 32]. Defendant failed to file an opposition.

9. Plaintiff filed a Joint Rule 26(f) Report on September 22, 2022. Defendant did not respond to undersigned counsel's repeated

communication attempts to meet and confer regarding the report. [Doc. 28].

10. The Court held a Scheduling Conference on October 6, 2022. Defendant failed to appear despite being required to do so as a *pro se* litigant. [Doc. 25, 31].

11. On October 19, 2022, Defendant filed a Notice of Change of Address which stated a different physical address from the one presented in his Amended Answer. [Doc. 35]. He gave no explanation as to why the address in his Amended Answer was no longer serviceable less than a month later [Doc. 27], nor did he give any reason as to why he was unresponsive at his designated email address.

12. Plaintiff filed an amended proof of service reflecting Defendant's name as set forth in the caption on October 20, 2022. [Doc. 34].

13. Plaintiff filed an Application for Entry of Default and Motion for Entry of Default Judgment against Defendant on October 27, 2022. [Doc. 36, 37].

14. On December 1, 2022, the Court held its hearing on Plaintiff's Motion to Strike and Motion for Entry of Default Judgment. [Doc. 44]. Defendant did not appear at the hearing. *Id.*

15. Since Defendant filed the Notice of Change of Address on October 19, 2022, mail sent to his address by the Court was returned to the sender on four separate occasions. [Doc. 42, 47-49].

16. Defendant filed a Notice of Errata in which he purported to change the address provided within his Notice of Change of Address on January 31, 2023. [Doc. 50].

17. On March 23, 2023, the Court denied Plaintiff's Motion to Strike and Motion for Entry of Default Judgment on the basis that Defendant filed the Notice of Errata. [Doc. 54].

18. Since Defendant filed his Notice of Errata, mail sent to the address by the Court was again returned to the sender on three separate occasions. [Doc. 53, 55, 58].

19. On May 22, 2023, the Court issued a Scheduling Order [Doc. 59], setting pretrial and trial deadlines, which did not reflect the new reality imposed by Defendant's actions which have unduly delayed "the . . . just, speedy, and inexpensive determination of [this] action and proceeding." Fed. R. Civ. P. 1.

## ARGUMENT AND AUTHORITIES

Pursuant to Local Rule 16-14, "Any application to modify an order entered pursuant to F.R.Civ.P. 16 shall be made to the judicial officer who entered the

order. The Civil Trial Order issued by this Court on May 22, 2022 required that "[a]ny request for continuance of pretrial and/or trial dates must be by motion, stipulation, or application, and must be supported by a declaration setting forth the reasons for the requested relief." [Doc. 59]. "The declaration must contain a <u>detailed</u> factual showing of good cause[.]" *Id*.

The facts stated herein and within undersigned counsel's declaration, demonstrate that good cause exists to warrant continuance of the pretrial and trial dates. Fed. R. Civ. P. 16(b)(4); *see also FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002) ("The decision to modify a scheduling order is within the broad discretion of the district court."). Because Plaintiff's Motion to Strike, and especially her Motion for Default Judgment would have been dispositive, Plaintiff abstained from directing discovery to Defendant while the Court's decision remained pending. Concomitantly, Defendant did not direct any discovery to Plaintiff. Accordingly, Plaintiff requires at least 90 days to perform written discovery and obtain discovery responses from Defendant for Plaintiff to properly prepare this matter for trial.

## **CONCLUSION**

WHEREFORE, Plaintiff Jane Doe respectfully prays the Court to continue certain pretrial and trial deadlines, for good cause shown, in the following manner:

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Cut-Off: | May 31, 2023 | August 29, 2023 |
| Expert Disclosure (Initial): | May 31, 2023 | August 29, 2023 |
| Expert Disclosure (Rebuttal): | June 7, 2023 | September 5, 2023 |
| Expert Discovery Cut-Off: | June 21, 2023 | September 19, 2023 |
| Last Day to Hear Motions: | August 3, 2023 | November 1, 2023 |
| Settlement Conference Deadline: | August 16, 2023 | November 14, 2023 |
| Trial Filings (First Round): | September 27, 2023 | TBD COURT |
| Trial Filings (Second Round): | October 11, 2023 | TBD COURT |
| Final Pretrial Conference: | October 25, 2023 | TBD COURT |
| Trial: | November 13, 2023 | TBD COURT |

Dated: May 31, 2023                                  Respectfully submitted,


/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
431 N BROOKHURST ST, SUITE
Telephone: (310) 795-6905
rdhungana@fedpractice.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Rajan O. Dhungana, hereby certify that on May 31, 2023, I electronically filed the foregoing via the Court's Electronic Court Filing system. In addition, I certify that I sent a courtesy copy of such filing to Defendant Diaz at an email address that Defendant has acknowledged belongs to him:

jojotheboxer@gmail.com.

Dated: May 31, 2023          By: */s/ Rajan O. Dhungana*
                                                        Rajan O. Dhungana