Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, California 92801
Telephone: (310) 795-6905
*Attorney for Plaintiff*
Jane Doe

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (WESTERN DIVISION)

| | |
|---|---|
| JANE DOE,<br><br>             Plaintiff,<br><br>        v.<br><br>JOSEPH "JOJO"  DIAZ JR.,<br><br>             Defendant. | 2:22-cv-02344-MEMF-GJSx<br><br>**PLAINTIFF JANE DOE'S RENEWED NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO STRIKE DEFENDANT'S AMENDED ANSWER TO COMPLAINT**<br><br>Date:        September 14, 2023<br>Time:        10:00 A.M.<br>Courtroom: 8B<br>Judge: Hon. Maame Ewusi-Mensah Frimpong |

PLAINTIFF JANE DOE'S MOTION AND INCORPORATED MEMORANDUM TO STRIKE DEFENDANT'S AMENDED ANSWER TO COMPLAINT

**PLAINTIFF JANE DOE'S RENEWED NOTICE OF MOTION, MOTION, AND INCOPRORATED MEMORANDUM TO STRIKE <u>DEFENDANT'S AMENDED ANSWER TO COMPLAINT</u>**

NOTICE IS HEREBY GIVEN that on September 14, 2023, at 10:00 a.m., before the Honorable Maame Ewusi-Mensah Frimpong, in Courtroom 8B of the United States Courthouse for the Central District of California, Western Division, United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Plaintiff Jane Doe will and hereby does move the Court to strike Defendant Joseph "JoJo" Diaz, Jr.'s Amended Answer to Complaint [Doc: 24].

Undersigned counsel is cognizant of this Court's meet and confer requirements pursuant to Local Rule 7-3 and this Court's Standing Order. [Doc: 26]. However, counsel is aware that the meet and confer requirement may not be enforced where "ordering the parties to meet and confer would … be futile." *Yue v. Storage Tech. Corp.*, No. C07-05850 JW, 2008 WL 4185835, at *7 (N.D. Cal. Sept. 5, 2008). It is evident from the record before this Court that Defendant Diaz is disengaged from this matter. He failed to file a compliant answer to the complaint on two occasions. [Doc: 17, Doc: 24]. He failed to respond to Plaintiff's counsel's repeated requests to meet and confer regarding the motion to strike his answer. [Doc: 29]. He failed to respond to undersigned counsel's repeated attempts to confer in preparation of the Joint Rule 26(f). [Doc: 28]. He failed to appear at the scheduling conference

held by this Court on October 6, 2022. [Doc: 31]. He twice provided new addresses to the Court [Doc: 35, Doc: 50], but after each "update", mailings from the Court were returned undelivered. [Doc: 38, Doc: 42, Doc: 47, Doc: 49, Doc: 53, Doc: 55, Doc: 58, Doc: 61, Doc: 63]. He failed to respond to Plaintiff's original Motion to Strike and Motion for Default Judgment by the December 2, 2022 deadline given by the Court. [Doc: 43]. He failed to appear at the status conference set by the Court for June 15, 2023. [Doc: 64]. Defendant Diaz is not responsive to any attempts at communication and has eschewed his obligations to appear before the Court and participate in necessary proceedings. For these reasons, it would be futile for Plaintiff's counsel to attempt to meet and confer with Defendant Diaz.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff Jane Doe, by and through her counsel of record, once more moves the Court for an order striking Defendant Joseph "JoJo" Diaz, Jr.'s Amended Answer to Complaint with prejudice to refiling, for willful, contemptuous, and continuing failure to provide an adequate address, in continued violation of Federal Rule of Civil Procedure 11(a) and Central District of California Local Rule 11-3.8. In support of this motion, Plaintiff respectfully states as follows:

## **PROCEDURAL HISTORY**

1.     Plaintiff initiated this action by filing her Complaint on April 7, 2022. [Doc: 1].

2.      Defendant filed his Answer to Plaintiff's Complaint on May 18, 2022. [Doc: 17].

3.      On May 20, 2022, a Notice of Document Discrepancies and Order of the Judge ("Notice") was filed by the Court. [Doc: 19]. In the Notice, the Court noted that Defendant's Answer was lacking in "name, address, phone, facsimile numbers, and email address" as required by Local Rule 11-3.8. The Court ordered that the answer not be filed, but instead be rejected, and ordered the Defendant to file an amended answer, including the missing information, within five days of the order. *Id.*

4.      Contrary to the Court's order, Defendant filed his Amended Answer to Plaintiff's Complaint on June 24, 2022, a month after the five-day deadline given by the Court. [Doc: 24]. Nevertheless, Defendant included in his amended filing the following information: "jojotheboxer@gmail.com" as an email address, a physical address of "9461 Charleville Blvd., No. 757, Beverly Hills, CA 90212", and a telephone number of "(909) 560-7828". *Id.*

5.      On July 11, 2022, the Court issued its Civil Standing Order to the parties. [Doc: 26].

6.      On July 19, 2022, a filing from the Court entitled "Mail Returned to Clerk" demonstrated a mailing envelope from the Office of the Clerk to Defendant

PLAINTIFF JANE DOE'S RENEWED NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO STRIKE
DEFENDANT'S AMENDED ANSWER TO COMPLAINT

at the address provided in his Amended Answer, which was marked "RTS Not at this address." [Doc: 27].

7.    Plaintiff previously filed a Motion to Strike Defendant's Amended Answer to Complaint based on the foregoing deficiencies. [Doc: 30].

8.    Defendant Diaz filed a Notice of Change of Address on October 19, 2022, giving his address as 250 North College Park Drive, Unit 113, Upland, CA 91786. [Doc: 35].

9.    Mail from the Court to the new address was returned to sender, with a notation that the address was vacant, and unable to forward. [Doc: 47].

10.    The Court, by minute order, set a hearing on its Order to Show Cause Why the Answer should not be stricken for April 13, 2023, and ordered Defendant to file an additional Notice of Change of Address or Opposition to the pending Motion to Strike and Motion for Default Judgment by no later than January 31, 2023. [Doc: 46].

11.    Defendant filed a Notice of Errata Re: Change of Address on January 31, 2023, giving an updated address of 250 N. College Park Drive, Unit i13, Upland, CA 91786. [Doc: 50].

12.    Mailing from the Court to the address given in the Notice of Errata was returned undelivered on April 3, 2023, with the notation that the address was unknown, suggesting it did not exist. [Doc: 55].

13.    Due to the continued inability of either the Court or Plaintiff to secure the Defendant's participation in the litigation, the Court issued a Minute Order on June 8, 2023, ordering the parties to appear in person for a status conference on June 15, 2023. [Doc: 62].

14.    Defendant failed to appear at the Status Conference on June 15, 2023. [Doc: 64].

## ARGUMENT AND AUTHORITIES

When Plaintiff filed her original Motion to Strike Defendant's Amended Answer, it was because Defendant had, for a second time, filed a pleading which failed to comport with the Local Rules; specifically, Rule 11-3.8, requiring that the pleadings contain the name, address, telephone/fax number, and email address of the filing party. Since that time, Defendant has repeatedly provided the Court with patently false information regarding his current address. Defendant's Amended Answer, and each subsequent pleading purporting to update the Court on Defendant's address has proved, when tested, to be a blatant falsehood. Defendant has repeatedly displayed rank dishonesty, contempt for the orders of this Court, and a contumacious intent to prolong this litigation and increase Plaintiff's costs by hiding himself from this Court and refusing to engage in the litigation process. The Court gave grace to the Defendant for his conduct once, and Defendant responded by continuing his deceitful conduct. Plaintiff requests once more that Defendant's

PLAINTIFF JANE DOE'S RENEWED NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO STRIKE DEFENDANT'S AMENDED ANSWER TO COMPLAINT

Amended Answer be stricken due to his willful, contemptuous, and continuing refusal to comport himself to the Court's rules and orders, with prejudice to its refiling.

The Court's Local Rule 11-3.8 sounds in Federal Rule of Civil Procedure 11(a), which provides that "[e]very pleading … must state the signer's address, email address, and telephone number." It goes without saying that the Rule expects that the pleading will include the signer's *actual* address, not just any address, and certainly not an address at which the signer cannot receive mail. It is clear that a pleading which does not include an accurate name, address, email address, and telephone number does not comport with the Federal Rules of Civil Procedure. *See V.P. Music Grp., Inc. v. McGregor*, No. 11-CV-2619, 2012 WL 1004859, at *3 (E.D.N.Y. Mar. 23, 2012).

Rule 11(a) also requires that a court strike any pleading which does not conform. This was clearly done with Defendant's first Answer, which the Court rejected in its May 20, 2022 Notice. Defendant has now filed an Amended Answer (late) and failed yet again to provide a serviceable address. The first instance of failure to conform to the rules, though not excusable, is at minimum understandable, as Defendant is litigating *pro se*.[1] The second instance, after being informed by the

---

[1] L.R. 83-2.2.3 states that "[a]ny person appearing pro se is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P." This includes L.R. 11-3.8.

Court of the conduct expected, is clearly intentional. Combined with Defendant's continued failure to provide a legitimate legal address where he can be reached and served with documents in this case, Defendant has demonstrated his contempt for these proceedings, and his intention to avoid his obligations to this Court at all costs. The case and cause for sanctioning Defendant could not be clearer.

In addition to the foregoing, Local Rule 83-2.4 provides that any party, including *pro se* litigants, who changes their address "must, within five (5) days of the change, notify the Clerk of Court in writing." Defendant has provided no notice of change of address to explain his unavailability at the address he gave in his Amended Answer to Complaint. Furthermore, Local Rule 41-6 provides as follows:

> "A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."

While this rule specifically addresses *pro se* plaintiffs, the intellectual reasoning behind it could readily be applied to defendants. A plaintiff's failure to prosecute and a Defendant's failure to defend are two sides of the same coin. If the Court is vested with the authority to sanction one, it must necessarily have the authority to sanction the other. This is grounded in the understanding of the Court's inherent powers.

Federal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). "A district court is not constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1022 (8th Cir.1999). "Where the drastic sanctions of dismissal or default are imposed ... the losing party's non-compliance must be due to willfulness, fault or bad faith." *Jorgensen v. Cassiday,* 320 F.3d 906 (9th Cir.2003) (*quoting, Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir.1994); *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir.1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker,* 24 F.3d at 1167; *Fjelstad,* 762 F.2d at 1341. A single willful violation may suffice depending on the circumstances. *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1056 (9th Cir.1998), *cert. denied,* 526 U.S. 1064, 119 S.Ct. 1455, 143 L.Ed.2d 542

(1999); *see Ortiz–Rivera v. Municipal Government of Toa Alta,* 214 F.R.D. 51, 57 (D.P.R.2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal).

Plaintiff acknowledges that she is requesting a severe sanction for Defendant's conduct; however, under the circumstances, Defendant has been given abundant grace, and failed to correct his conduct. Plaintiff is left with no choice. It is abundantly clear from Defendant's antics that he does not intend to engage in good faith with this process. To the contrary, from the very outset of this case, he has demonstrated contempt for the orders of this Court, disdain for the rules of this Court and of ethical conduct, and disregard for the increased time and cost his antics add to the litigation. As such, the Court is authorized, and Plaintiff prays the Court exercise, its inherent power to sanction Defendant for his conduct, and strike his Amended Answer with prejudice to refiling.

## **CONCLUSION**

WHEREFORE, premises considered, Plaintiff Jane Doe respectfully prays the Court enter an order striking Defendant's Amended Answer, sanctioning his contemptible conduct by prejudicing him from refiling, award Plaintiff her reasonable attorney fees in connection with this remedy, and such other relief as the Court deems just and proper.

Dated:  August 11, 2023

1

Respectfully submitted,

2

  /s/ Rajan O. Dhungana

3

Rajan O. Dhungana (SBN: 297794)

4

FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130

5

Anaheim, California 92801

6

Telephone: (310) 795-6905
rdhungana@fedpractice.com

7

*Attorney for Plaintiff*

8

Jane Doe

9

10

**CERTIFICATE OF SERVICE**

11

12

    I hereby certify that on August 11, 2023, I served a copy of the foregoing

13

Plaintiff Jane Doe's Renewed Notice of Motion, Motion, and Incorporated
Memorandum to Strike Defendant's Answer to Amended Complaint via email to

14

the Defendant at jojotheboxer@gmail.com, which is an email address claimed to

15

belong to the Defendant.

16

/s/ Rajan O. Dhungana

17

Rajan O. Dhungana (SBN: 297794)

18

FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130

19

Anaheim, California 92801

20

Telephone: (310) 795-6905
rdhungana@fedpractice.com

21

*Attorney for Plaintiff*

22

Jane Doe

23

24

25

26

27

28