O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JOSEPH DIAZ JR.,<br><br>　　　　　　　Defendant. | Case No.: 2:22-cv-02344-MEMF(GJSx)<br><br>**ORDER GRANTING MOTION TO STRIKE [ECF NO. 68]** |

　　　Before the Court is the renewed Motion to Strike (ECF No. 68) filed by Plaintiff Jane Doe. For the reasons stated herein, the Court hereby GRANTS the Motion to Strike.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## I. Background

### A. Factual Background[1]

Defendant Joseph "Jojo" Diaz ("Diaz") is a former world-champion boxer who has allegedly engaged in sexual activity with female minors. Compl. ¶ 2. Diaz sent unsolicited pictures of his genitalia through social media platforms in order to solicit sexual activity with at least four female minors. *Id.*

In 2010, Diaz began dating Plaintiff Jane Doe's older sister. *Id.* ¶ 9. On September 3, 2020, Diaz sent an explicit photograph of himself, with his genitalia and face visible, to Doe, who was seventeen years old at the time. *Id.* ¶ 6. The explicit photograph was sent through Snapchat, a social media application. *Id.* ¶ 7. Doe showed the explicit photograph to her mother, who took a photograph of the explicit photograph with another phone. *Id.* ¶ 8; *Id.*, Ex. A. Doe's parents contacted Diaz's father, who confirmed that it was his son in the explicit photograph sent to Doe but asserted that Diaz had mistakenly sent the photograph to Doe because he had been heavily drinking the night before. *Id.* ¶ 11.

On or around September 20, 2021, Doe filed a police report with the Los Angeles County Sheriff's Department. *Id.* ¶ 12. On or around November 30, 2021, the detective assigned to the case called Doe's father. *Id.* ¶ 13. According to the detective, Diaz admitted that the explicit photo was of himself but claimed that his girlfriend had accessed his Snapchat account and sent the explicit photograph to Doe. *Id.* The detective also told Doe's father that Diaz "seemed like a nice kid." *Id.* ¶ 14. The Sheriff's Department ultimately concluded that the transmission of the explicit photograph was a "mistake" and concluded their investigation. *Id.* ¶ 14.

### B. Procedural Background

On April 7, 2022, Doe filed a complaint against Diaz alleging: (1) Coercion and Enticement under 18 U.S.C. § 2422(b); and (2) civil remedy for personal injuries under 18 U.S.C. § 2255. *Id.* ¶¶ 15–31. On May 18, 2022, Diaz filed an Answer to the Complaint. ECF No. 17.

---

[1] This factual background is taken from the allegations set forth in the Complaint. ECF No. 1 ("Compl."). The Court makes no finding on the truth of these allegations and includes them only as background.

On May 20, 2022, the Court issued a Notice of Discrepancy and Order, noting that Diaz's Answer failed to include a current address, telephone and facsimile numbers, and e-mail address as required under C.D. Cal. L.R. 11-3.8 and ordering that Diaz file an Amended Answer with the missing information. ECF No. 19. On June 24, 2022, Diaz filed an Amended Answer, including an address located in Beverly Hills, California, a telephone number, and an e-mail address. ECF No. 24. However, on July 19, 2022, the Clerk docketed a filing indicating that communications sent from the Clerk's Office to Diaz at the Beverly Hills address were returned. ECF No. 27. The envelope was marked "RTS Not at this address." *Id.*

On September 23, 2022, Doe filed a Motion to Strike the Amended Answer. ECF No. 29. On October 17, 2022, the Clerk sent additional communications to Diaz at his Beverly Hills address. ECF No. 38 (postmarked October 17, 2022). On October 19, 2022, Diaz filed a Notice of Change of Address, indicating that his addressed had changed to a location in Upland, California. ECF No. 35. On October 25, 2022, the Clerk's October 17, 2022 communications were returned, marked "RTS Not at this address." ECF No. 38.

On October 27, 2022, Doe filed an Application for Entry of Default against Diaz (ECF No. 36), as well as a Motion for Default Judgment (ECF No. 37). On November 14, 2022, the Court issued an Order advancing the hearing on the Motion for Default Judgment to December 1, 2022, and ordering Doe to serve on Diaz at his Upland address copies of the Motion to Strike, Motion for Default Judgment, and Application for Entry of Default, as well as notice of the December 1, 2022 hearing on the pending motions. ECF No. 39. On November 18, 2022, Doe filed a certificate and proof of service with the Court indicating that she had complied with the November 14, 2022 Order. ECF Nos. 40, 41. The Certificate of Service stated that Diaz had been served via U.S. Postal Service certified and priority mail, but that both packages had been returned "because the addressee was not known at the delivery address noted on the package." ECF No. 40; *see also* ECF Nos. 40-2, 40-4. The Certificate further stated that Diaz had been served via email address, whereupon he replied to the email. *See* Certificate of Service.

The Court held oral argument on the Motion to Strike and Motion for Default Judgment on December 1, 2022. Counsel for Doe appeared at the hearing, but Diaz failed to appear. ECF No. 44.

Later that day, the Court received an ex parte communication via email from Diaz, who asserted that he was unaware that the hearing was still taking place because he believed he had filed a notice of change of address and cured the defects raised in the pending motions. ECF No. 43, Ex. A. In response, the Court issued a minute order requiring Diaz to file any oppositions to the pending motions by no later than December 2, 2022. *Id.* No such oppositions were filed. On December 20, 2022, the Court issued an Order to Show Cause why the Answer should not be stricken and set a hearing on the OSC for April 13, 2023. ECF No. 46. The Court ordered Diaz to file a Notice of Change of Address or Oppositions to the Motion to Strike or Motion for Default Judgment by no later than January 31, 2023. *Id.* On January 31, 2023, Diaz filed a Notice of Errata RE: Change of Address and provided the following address: 250 N. College Park Drive, Unit i13, Upland, CA 91786. ECF No. 50. On February 15, 2023, the Court ordered Doe to provide notice to Diaz of the April 13, 2023 hearing using the new address and to file a proof of service indicating the date, time, and manner of service. ECF No. 51. On February 21, 2023, Doe complied with the Court's order by filing a proof of service confirming that Diaz was served personally. ECF No. 52.

On March 23, 2023, the Court denied the Motion to Strike and Motion for Default Judgment as moot because Diaz had appeared and updated his address. ECF No. 54. The parties filed a joint Rule 26 Report on April 6, 2023. ECF No. 56. On April 11, 2023, the Court vacated the April 13, 2023 hearing. ECF No. 57. On May 22, 2023, the Court issued the Civil Trial Order setting forth the applicable trial date and pre-trial deadlines for the case. ECF No. 59. On May 31, 2023, Doe filed a Motion to Continue Pre-Trial and Trial Deadlines because the parties had not engaged in discovery yet, stating that Diaz had not responded to any attempts to meet and confer and noting that court filings mailed to Diaz were continuing to be returned. ECF No. 60. On June 8, 2023, the Court issued a Minute Order ordering the parties to appear at a Status Conference on June 15, 2023, and ordered the Minute Order and prior orders to be served on Diaz via both mail and email.[2] ECF No. 62. The Court stated that if Diaz failed to appear at the Status Conference, "the Court may revisit the

---

[2] The email address ordered to be used was the one that Diaz corresponded to the Court with on December 1, 2022, and the one that Diaz represented as his in his Notice of Errata Re: Change of Address. ECF No. 43, Ex. A; ECF No. 50.

question of whether to strike his Answer." *Id.* On June 15, 2023, the Court held a status conference. ECF No. 64. No appearance was made by Diaz. *Id.* The Court granted Doe's Motion to Continue Pre-Trial and Trial Deadlines. ECF No. 65.

On August 11, 2023, Doe filed the instant renewed Motion to Strike (the "Motion"). ECF No. 68. The Motion was served via email to Diaz. *Id.* No opposition was filed by Diaz.

## II. Discussion

### A. The Court Finds Substantial Justification to Sanction Diaz.

The Court has previously admonished Diaz that a defective address in the future would likely result in the Court granting a future Motion to Strike. ECF No. 54 at 5. Since the filing of Diaz's Notice of Errata on January 31, 2023 updating his address, mail served on the updated address continues to be returned. ECF Nos. 54, 55, 58, 61, 63, 66, 67. More significantly, both the Court and Doe have continued to address communications to Diaz via email to an email address that he has used in the past and represented is his. ECF No. 43, Ex. A; ECF No. 50. Nevertheless, Diaz has disregarded all communications, and failed to comply with the Court's Order ordering him to appear at the June 15, 2023 status conference. ECF Nos. 62, 64.

In the Court's June 8, 2023 Minute Order, which was served to Diaz via email, the Court stated that Diaz's failure to appear may necessitate revisiting the issue of striking his answer, which in turn may leave him vulnerable to default and default judgment. ECF No. 62. Therefore, the Court finds that Diaz's repeated violation of the Court's orders, including failure to provide a valid address, failure to appear for a status conference, and his failure to oppose this Motion, constitute sufficient grounds to strike his answer.[3] *See* Fed. R. Civ. P. 16(f)(1)(c) ("the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference ... or (C) fails to obey a scheduling or other

---

[3] The Court notes that the local rules allow for dismissal of an action where a *pro se* plaintiff does not keep the Court apprised of their current address, which is a severe sanction on the plaintiff's end for the same behavior at issue with Diaz. L.R. 41-6.

pretrial order");[4] *see also* L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion").

### III.  Conclusion

In light of the foregoing, the Court hereby ORDERS as follows:

1. The Motion to Strike (ECF No. 68) is GRANTED;
2. Defendant Diaz's Amended Answer (ECF No. 24) is stricken;
3. In light of the striking of the Amended Answer, Doe may seek default and default judgment; and
4. Upon the filing of any motion for default judgment, if Doe's preferred hearing date is not available, counsel for Doe may contact the Courtroom Deputy Clerk at MEMF_Chambers@cacd.uscourts.gov to request an expedited hearing.

IT IS SO ORDERED.

Dated: September 14, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

---

[4] Rule 37(b)(2)(A) specifically authorizes the striking of pleadings in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii).