Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
*Attorney for Plaintiff*
Jane Doe

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# (WESTERN DIVISION)

| | |
|---|---|
| JANE DOE,<br><br>                  Plaintiff,<br><br>vs.<br><br>JOSEPH 'JOJO' DIAZ, JR.,<br><br>                  Defendant | 2:22-cv-02344-MEMF-GJSx<br><br>**PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT**<br><br>Date:          February 15, 2023<br>Time:          10:00 A.M.<br>Courtroom:   8B<br>Judge:         Hon. Maame Ewusi-Mensah Frimpong |

## PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM FOR DEFAULT JUDGMENT

NOTICE IS HEREBY GIVEN that on a February 15, 2024, at 10:00 A.M., before the Honorable Maame Ewusi-Mensah Frimpong, in Courtroom 8B of the United States Courthouse for the Central District of California, Western Division, United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Plaintiff Jane Doe will and hereby does move the Court for Default Judgment.

Undersigned counsel is cognizant of this Court's meet and confer requirements pursuant to Local Rule 7-3 and this Court's Standing Order. [Doc: 26]. However, counsel is aware that the meet and confer requirement may not be enforced where "ordering the parties to meet and confer would … be futile." *Yue v. Storage Tech. Corp.*, No. C07-05850 JW, 2008 WL 4185835, at *7 (N.D. Cal. Sept. 5, 2008) It is evident from the record before this Court that Defendant Diaz is disengaged from this matter. He failed to file a compliant answer to the Complaint on two occasions. [Doc: 17, Doc: 24]. He failed to respond to Plaintiff's counsel's repeated requests to meet and confer regarding the Motion to Strike his Answer. [Doc: 29]. He failed to respond to undersigned counsel's repeated attempts to confer in preparation of the Joint Rule 26(f). [Doc: 28]. He failed to appear at the scheduling conference held by this Court on October 6, 2022. [Doc: 31]. He twice provided new addresses to the Court [Doc: 35, Doc: 50], but after each "update", mailings from the Court were returned undelivered. [Doc: 38, Doc: 42, Doc: 47,

Doc: 49, Doc: 53, Doc: 55, Doc: 58, Doc: 61, Doc: 63, Doc: 72]. He failed to respond to Plaintiff's original Motion to Strike and Motion for Default Judgment by the December 2, 2022 deadline given by the Court. [Doc: 43]. He failed to appear at the status conference set by the Court for June 15, 2023. [Doc: 64]. He failed to respond to Plaintiff's Renewed Motion to Strike. [Doc: 68]. He failed to respond to Plaintiff's Requests for Admissions, served on August 15, 2023. Finally, he failed to appear at the Hearing on the Renewed Motion to Strike, and the Court entered an Order Striking Defendant's Amended Answer. [Doc: 70]. Defendant Diaz is not responsive to any attempts at communication and has eschewed his obligations to appear before the Court and participate in necessary proceedings. For these reasons, it would be futile for Plaintiff's counsel to attempt to meet and confer with Defendant Diaz.

Plaintiff Jane Doe, by and through undersigned counsel, hereby moves the Court to enter default judgment against Defendant Diaz.

## **PROCEDURAL HISTORY**

1.    Plaintiff Jane Doe filed her Complaint on April 7, 2022. [Doc: 1].

2.    The summons was issued on April 8, 2022. [Doc: 7]. Defendant Diaz was personally served with the Summons and Complaint on April 8, 2022 [Doc: 10].

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT

3.      Plaintiff, as a courtesy, afforded Defendant Diaz an additional three weeks to answer the Complaint. Defendant, acting *in pro per*, filed his defective Answer to Plaintiff's Complaint on May 18, 2022. [Doc: 17].

4.      On May 20, 2022, The Court rejected the Answer as deficient and ordered Defendant to file an Amended Answer within five days of the Order. [Doc: 19].

5.      Plaintiff filed an Application for Entry of Default Judgment against Defendant Diaz on June 24, 2022, for Diaz's failure to timely file his Amended Answer. [Doc: 22]. This application was denied due to a discrepancy between Defendant Diaz's name listed on the affidavit of service and his name in the Complaint. [Doc: 1, 10, 23].

6.      Defendant Diaz untimely filed his Amended Answer on June 24, 2022—a month after the five-day deadline provided by the Court. [Doc: 24]. The Amended Answer included an email address, a telephone number, and a physical address. [Doc: 24].

7.      On July 19, 2022, a filing from the Court entitled "Mail Returned to Clerk" demonstrated a mailing envelope that was sent from the Office of the Clerk to the Defendant at the address provided in his Amended Answer. [Doc: 27]. The envelope was marked "RTS Not at this address." [Doc: 27].

8.      On September 23, 2022, Plaintiff moved to strike Defendant's Amended Answer on the basis that Defendant, for a second time, failed to comport with the Federal Rules of Civil Procedure, the local rules, and the Court's Order requiring him to provide his address. [Doc: 29]. Defendant's opposition, if any, to Plaintiff's motion was due by October 6, 2022. L.R. 7-9.

9.      The Court *sua sponte* continued the hearing on this motion to December 15, 2022. [Doc: 32]. Defendant never filed an opposition to Plaintiff's motion to strike.

10.     Plaintiff filed the Joint Rule 26(f) Report on September 22, 2022. Defendant Diaz did not respond to undersigned counsel's repeated communication attempts regarding the report. [Doc: 28].

11.     The Court held a Scheduling Conference on October 6, 2022. As Diaz is litigating this case *pro se*, he is lead trial counsel in his defense, and was therefore required to attend the Scheduling Conference. [Doc: 25]. Defendant Diaz failed to appear. [Doc: 31].

12.     On October 20, 2022, Plaintiff filed an amended proof of service reflecting Defendant Diaz's name as set forth in the caption. [Doc: 34].

13.     On October 19, 2022, Diaz filed a Notice of Change of Address, which stated a different physical address from the one presented in his Amended Answer. [Doc: 35]. Notably, Diaz gave no explanation as to why the address in

his Amended Answer, filed June 24, 2022, was no longer serviceable less than a month later [Doc: 27], nor did he give any reason as to why all attempts to reach him at his designated email address (which he affirms in his Notice of Change of Address) have gone unanswered.

14.     Mail from the Court to the new address was returned to sender, with a notation that the address was vacant, and unable to forward. [Doc: 47].

15.     Plaintiff filed her original Notice of Motion, Motion, and Incorporated Memorandum for Default Judgment against Defendant on October 27, 2022. [Doc: 37].

16.     The Court, by minute order, set a hearing on its Order to Show Cause Why the Answer should not be stricken for April 13, 2023, and ordered Defendant to file an additional Notice of Change of Address or Opposition to the pending Motion to Strike and Motion for Default Judgment by no later than January 31, 2023. [Doc: 46].

17.     Defendant filed a Notice of Errata Re: Change of Address on January 31, 2023, giving an updated address of 250 N. College Park Drive, Unit i13, Upland, CA 91786. [Doc: 50].

18.     The Court denied Plaintiff's original Motion for Default Judgment on March 23, 2023. [Doc: 54].

19.    Mailing from the Court to the address given in the Notice of Errata was returned undelivered on April 3, 2023, with the notation that the address was unknown, suggesting it did not exist. [Doc: 55].

20.    Due to the continued inability of either the Court or Plaintiff to secure the Defendant's participation in the litigation, the Court issued a Minute Order on June 8, 2023, ordering the parties to appear in person for a status conference on June 15, 2023. [Doc: 62].

21.    Defendant failed to appear at the Status Conference on June 15, 2023. [Doc: 64].

22.    On August 11, 2023, Plaintiff filed her Renewed Notice of Motion and Motion to Strike Defendant's Answer, due to Defendant's continued refusal to provide a valid address or engage with the litigation process. [Doc: 68].

23.    On September 14, 2023, the Renewed Motion to Strike Defendant's Answer came on before the Court for hearing. Defendant failed to appear for the hearing, or file any responsive pleading in opposition to the Motion.

24.    At the conclusion of the hearing, the Court entered an order granting the Plaintiff's Renewed Motion to Strike Defendant's Answer. [Doc: 70].

25.    With the striking of Defendant's Amended Answer, Defendant has not answered Plaintiff's Petition, and is therefore in default.

26.     The Clerk entered default against Defendant on December 1, 2023. [Doc: 76].

## ARGUMENT AND AUTHORITIES

Since this litigation commenced, Diaz has repeatedly displayed a propensity towards contumacious conduct and contempt for the orders of this Court. He has repeatedly presented deficient pleadings to this Court, flouted deadlines set for him, failed to appear as required at mandatory conferences, and disregarded any effort by Plaintiff to establish dialogue necessary to comport the litigation with the Federal Rules of Civil Procedure. His actions rise well above the level of ignorance—they display open hostility towards the legal process, and the Court as its administrator. The Court was well within its boundaries, both legally and morally, to sanction Diaz by striking his Amended Answer. It is now appropriate for the court to enter judgment against him by default, and awarding Plaintiff damages, as well as attorney's fees and costs associated with the action. Plaintiff invites the Court to exercise its authority to do just that.

## I.     THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST DIAZ.

### A. The Court has the Inherent Authority to Impose the Sanction of Default.

Pursuant to Federal Rule of Civil Procedure 55(b), the trial court has discretion as to whether a default judgment should be entered. *See also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "A district court is not constrained to

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT

impose the least onerous sanction available but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1022 (8th Cir. 1999). "Where the drastic sanctions of dismissal or default are imposed ... the losing party's non-compliance must be due to willfulness, fault or bad faith." *Jorgensen v. Cassiday,* 320 F.3d 906 (9th Cir. 2003) (*quoting Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir. 1994); *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker,* 24 F.3d at 1167; *Fjelstad,* 762 F.2d at 1341. A single willful violation may suffice depending on the circumstances. *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1056 (9th Cir. 1998), *cert. denied,* 526 U.S. 1064, 119 S.Ct. 1455, 143 L.Ed.2d 542 (1999); *see Ortiz–Rivera v. Municipal Government of Toa Alta,* 214 F.R.D. 51, 57 (D.P.R. 2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal).

Pursuant to the Court's Order Setting Scheduling Conference, "lead trial counsel must attend unless excused by the Court for good cause before the conference." [Doc: 25]. The Order also warns that "failure to submit a Joint Rule 26(f) Report in advance of the Scheduling Conference or to attend the Scheduling Conference may result in dismissal of the action, striking of the answer and entry

of default, and/or imposition of sanctions." [Doc: 25]. The term "counsel" includes parties appearing pro se. [Doc: 25]. In violation of the Court's Order, Defendant Diaz failed to attend the Scheduling Conference held on October 6, 2022. Additionally, he did not respond to undersigned counsel's repeated attempts to confer on the initial Joint Rule 26(f) Report. [Doc: 28]. This forced Plaintiff to submit the report without Defendant Diaz's input. Defendant Diaz again failed to respond to undersigned counsel's attempts to confer on the second Joint Rule 26(f) report until the day it was due. [Doc: 56]. Counsel inserted Defendant Diaz's positions within the Report, but Defendant Diaz once again failed to respond to counsel's attempt to confirm that he consented to the revised report. Accordingly, Plaintiff was again forced to file the report without Defendant Diaz's signature.

Per the Court's Order, the Court may strike Defendant Diaz's Amended Answer and enter a default judgment against Defendant Diaz for his failure for his failure to attend the conference and failure to cooperate in preparing the Joint Rule 26(f) Report. Since that time, Defendant Diaz has repeatedly failed to attend hearings as noticed, while providing the Court with bogus addresses that either do not exist, or that Diaz cannot be located at.

Plaintiff understands that default judgment is a serious sanction; however, Defendant Diaz's failures and falsehoods throughout this case have evinced a clear design to frustrate the legitimate aims of this Court. Defendant Diaz has, on

multiple occasions, willfully violated this Court's Orders and Local Rules. He failed to file an amended answer by the deadline established by this Court. When he did file an amended answer, it was not compliant with the Court's order that he provide his true address. He failed to respond to undersigned counsel's repeated attempts to meet and confer regarding Plaintiff's Motion to Strike, and efforts to confer on the Joint Rule 26(f) Report. He provided a fictitious address in a filing to the Court in an attempt to forestall a prior effort to strike his answer. He failed to appear at subsequent settings and did not file any opposition to the Renewed Motion to Strike Defendant's Amended Answer. The foregoing factors were weighed by the Court and cited as justification for granting the Renewed Motion to Strike. The fact that Defendant Diaz is a *pro se* litigant bears no weight on whether entry of default is proper because, as explicitly stated in the Order Setting Scheduling Conference, "[t]his Court does not exempt parties appearing pro se from compliance with any of the Federal Rules of Civil Procedure and the Local Rules." [Doc: 25]. For these reasons, default judgment is proportional to Defendant Diaz's deliberate refusal to participate in this litigation, particularly in the wake of having his answer stricken.

The Ninth Circuit has identified seven factors courts may apply in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of the

money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Application of the *Eitel* factors to this case's facts demonstrates a clear preference for default.

## B. The *Eitel* Factors

### 1. Possibility of Prejudice to Plaintiff

Plaintiff would be prejudiced absent a default judgment. Diaz has demonstrated a clear pattern of behavior: evasive conduct in filings, non-engagement with Plaintiff's counsel, and overall selective participation in the process. Diaz's transgressions against the good order of the judicial process are legion:

(1) In his Amended Answer, Diaz provided the Court and Plaintiff with an address at which he could not be reached. In light of developments, Plaintiff is convinced that Diaz intentionally chose not to provide his true address in an attempt to deceive the Court and frustrate the procession of this lawsuit.

(2) Diaz has repeatedly displayed open contempt for this Court's orders:

    a. He filed his Amended Answer a month after the deadline for filing imposed by the Court.

b. His Amended Answer did not contain a correct address, which was the very reason the Court ordered him to file an Amended Answer in the first place.

c. He disregarded the Court's order to cooperate in the development of the Joint 26(f) Report, ignoring every attempt by Plaintiff's counsel to meet and confer as instructed.

d. He failed to attend the Scheduling Conference, despite the Court making clear in its Order that lead trial counsel were to attend, unless excused in advance of the hearing. Diaz obtained no such dispensation.

(3) Diaz has uniformly failed to respond to any attempt at contact by Plaintiff's counsel in furtherance of the litigation of this matter, which have specifically been by email to the address provided by Diaz. At this juncture, Plaintiff cannot assert, with any degree of certainty, whether attempts at communication are simply being ignored by Diaz, or whether the email address, like the physical address he previously provided, is a fabrication designed to conceal himself from the Court. Both options are deeply problematic and reflect Diaz's hostility towards this Court and the litigation process.

(4) Diaz has filed two additional addresses with the Court since the first Motion to Strike was filed; neither address was valid for contacting or serving Diaz.

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT

(5) Diaz failed to attend the mandatory, in-person Status Conference scheduled by the Court for June 15, 2023.

(6) Diaz failed to file any opposition to Plaintiff's Renewed Motion to Strike within the timeframe provided for by statute and the Local Rules.

(7) Diaz most recently failed to appear at the hearing on the Renewed Motion to Strike on September 14, 2023, at which time the Court did indeed strike Diaz's answer.

As a result of Diaz's numerous transgressions, Plaintiff has been prejudiced by outsized litigation costs, expended in motions practice, service attempts, multiple court appearances to which Diaz failed to appear, and futile attempts to engage Diaz in the process.[1] As this conduct is persistent historically and an ongoing concern, Plaintiff has every reason to suspect that Diaz will continue in his antics unless drastic action is taken.

Accordingly, this factor favors default judgment.

---

[1] Increase in litigation costs has been treated favorably in analysis of prejudice to the party seeking sanctions. *Microsoft Corp. v. Marturano*, No. 106-CV-1747 OWW GSA, 2009 WL 650589, at *5 (E.D. Cal. Mar. 12, 2009) ("[T]he risk of prejudice to the party seeking sanctions is also satisfied. Defendant's refusal to participate in the discovery process has unnecessarily continued the duration of this case. As a result, Plaintiff's cost of this litigation has increased.").

## 2.  The Merits of the Substantive claims and Sufficiency of the Complaint

Plaintiff's complaint is sufficient; therefore, her substantive claims have merit. Plaintiff's complaint arises out of 18 U.S.C. § 2455(b), a federal statute that permits minor victims of enticement or coercion to engage in sexual activity as defined 18 U.S.C. § 2422(b) to recover statutory damages. The same statutory code makes it a federal, criminal offense to knowingly attempt to persuade, induce, entice, or coerce an individual who has not yet attained the age of 18 years, via means of interstate and foreign commerce, to engage in sexual activity for which Defendant can be charged with a criminal offense.

Plaintiff's Complaint establishes that she was 17 years old when Defendant Diaz sent her an unsolicited photograph of himself with his erect penis in full view and that Defendant Diaz knew she was a minor at the time he sent her the photograph. The Complaint states that the photograph was sent via means of interstate and foreign commerce as it was sent through a virtual application on Defendant's phone. The Complaint further states that Defendant Diaz sent the nude photograph with the purpose of persuading, inducing, enticing, or coercing Plaintiff into engaging in sexual acts with him. The Complaint alleges that the distribution of the photograph was a substantial step towards the commission of the crime in order to establish attempt. Finally, the Complaint states that Defendant Diaz's

conduct constitutes an activity for which he can be charged with a criminal offense under the California Penal Code.

Accordingly, the second and third *Eitel* factors favor the entry of default judgment.

### 3.  Sum of Money at Stake

"[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). The statute under which Plaintiff is seeking an award provides that Plaintiff may recover $150,000 in liquidated damages.[2] Thus, "the sum of the money at stake is tailored to the specific misconduct of the defendant," making default judgment appropriate under the fourth element. *Unicolors, Inc. v. Zulily, LLC*, 2018 WL 6164791 at *5 (C.D. Cal. July 25, 2018). Because the amount of money at stake is explicitly authorized by the statute, the damages sought are not unreasonable. Accordingly, the fourth *Eitel* factor favors entry of default judgment.

---

[2] "Any person who, while a minor, was a victim of a violation of section … 2242 … and who suffers personal injury as a result of such violation … may sue in any appropriate United States District Court and shall recover … liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255.

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT

#### 4.  Possibility of Dispute Concerning Material Facts

"Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico, Inc.,* 238 F.Supp.2d at 1177. As Diaz's Amended Answer was stricken on the basis of his litany of transgressions against the Federal Rules of Civil Procedure, the Local Rules of the Court, and the orders of the Court itself, as a matter of law, Diaz cannot be considered to have offered any dispute to the factual allegations underlying Plaintiff's complaint. Therefore, there is no dispute concerning material facts. Accordingly, this *Eitel* factor favors entry of default judgment.

#### 5.  Whether Default Was Due to Excusable Neglect

The Court must consider whether the conditions resulting in entry of default are due to excusable neglect on the Defendant's part. *Eitel,*782 F.2d at 1472. Such a concern does not exist here. Diaz repeatedly demonstrated his *ability* to participate in the process: he was properly served with the Complaint and Summons, and he filed pleadings in the case on more than one occasion. Therefore, it is extremely unlikely that his failures are due to any excusable neglect. On the contrary, the evidence suggests that Diaz has *willful*ly failed to participate in this litigation and has failed to adhere to the Court's orders to file a compliant answer, appear at the scheduling conference, and communicate with undersigned counsel when necessary. Most egregiously, as has previously been noted, the address

provided on the Notice of Errata does not appear to exist. This suggests that Diaz deliberately filed a false address with the Court in order to delay default, while continuing to obstruct participation in the process. As courts have previously noted, "disobedience of Court Orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]" *Ortiz-Rivera,* 214 F.R.D. at 57. Diaz has provided no evidence that any of his actions resulted from excusable neglect. Accordingly, this *Eitel* factor favors entry of default judgment.

### 6. Policy Favoring Decision on the Merits

While Plaintiff understands the importance of the strong policy preference in favor of deciding claims on the merits, "the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *Pepsico, Inc.,* 238 F.Supp.2d at 1177 (internal citations and quotations omitted). "While the public's interest certainly favors resolution of cases on the merits, the public has an equal, if not greater interest in ensuring confidence in our judicial system and in the speedy and fair administration of justice." *Microsoft Corp.*, 2009 WL 650589, at *5. This is particularly true where a defendant is "**under the mistaken belief that he can make an appearance just prior to the entry of an adverse ruling against him without participating in the litigation process**." *Id.* at *4 (emphasis added). Accordingly, the final *Eitel* factor favors entry of default judgment.

### C. Awarding Plaintiff Damages, Litigation Costs and Attorney's Fees Pursuant to Default is Appropriate.

The Court should award Plaintiff her liquidated damages in the amount of $150,000.00, as well as her litigation costs and reasonable attorney's fees. Upon entry of default, a plaintiff is required to prove the amount of her damages, because neither the default nor the allegations in the complaint can establish the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The district court may determine the amount of damages without an evidentiary hearing where "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Additionally, the statutory authority under which Plaintiff claims her damages provides that Plaintiff "shall" recover her litigation costs and reasonable attorney's fees associated with the action. 18 U.S.C. § 2255. Moreover, in the absence of special circumstances, it is an abuse of discretion for the district court to *deny* a prevailing plaintiff attorneys' fees. *McConnell v. MEBA Med. & Benefits Plan,* 778 F.2d 521, 525 (9th Cir. 1985). Accordingly, Plaintiff's request for litigation costs and attorney's fees should be granted.

### <u>CONCLUSION</u>

WHEREFORE, Plaintiff Jane Doe respectfully prays the Court:

(1) Enter default judgment against Defendant;

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT

(2) Award Plaintiff statutory liquidated damages in the amount of $150,00.00; and

(3) Grant Plaintiff's statutorily mandated litigation costs and attorney fees, in an amount to be fixed by presentation of affidavits of Plaintiff's counsel not later than ten days from the date the Court grants Plaintiff's Motion for Default Judgment.

Dated:  December 7, 2023

Respectfully submitted,

*/s/ Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
rdhungana@fedpractice.com
*Attorney for Plaintiff Jane Doe*

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that December 7, 2023, I served a copy of the foregoing via email to the Defendant at jojotheboxer@gmail.com, which is an email address claimed to belong to the Defendant.

*/s/ Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
431 N Brookhurst St, Suite 130
Anaheim, CA 92801
Telephone: (310) 795-6905
rdhungana@fedpractice.com
*Attorney for Plaintiff Jane Doe*

PLAINTIFF JANE DOE'S NOTICE OF MOTION, MOTION, AND INCORPORATED MEMORANDUM TO ENTER DEFAULT JUDGMENT