O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH DIAZ JR.,<br><br>　　　　　　Defendant. | Case No.: 2:22-cv-02344-MEMF<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 77]** |

　　Before the Court is the Motion for Default Judgment filed by Plaintiff Jane Doe. ECF No. 77. For the reasons stated herein, the Court hereby GRANTS the Motion for Default Judgment.

/ / /

/ / /

## I. Background

### A. Factual Background[1]

Plaintiff Jane Doe ("Doe") was 17 years old in September of 2020. Compl. ¶ 6. On September 3, 2020, Defendant Joseph 'Jojo' Diaz ("Diaz") sent Doe a photograph of himself in which his penis, bare chest, and face were all visible. *Id.* The photograph was sent through the popular social media application Snapchat. *Id.* ¶ 7.[2] Upon seeing the photograph, Doe was shocked and upset, and sought her mother's assistance, who took a photograph to preserve the evidence. *Id.* ¶ 8; Ex. A. This was Doe's first contact with Diaz via social media. Compl. ¶ 9. Diaz was previously in a relationship with Doe's older sister. *Id.* Doe's sister began dating Diaz in 2010, when Doe was 7 years of age. *Id.*

Doe's mother informed Doe's father of the situation. *Id.* ¶ 10. Doe's father then called Diaz's father. *Id.* Diaz's father confirmed that it was his son in the photograph, and that it had been sent to Doe from Diaz's phone. *Id.* ¶ 11. Diaz's father stated that Diaz had "mistakenly" sent the photograph to Doe because he had been heavily drinking the night before. *Id.*

Doe filed a police report with the LA County Sheriff's Department ("LASD") on or around September 20, 2021. *Id.* ¶ 12. During the investigation, Diaz admitted that the photo existed on his phone and was indeed a photo of himself. *Id.* at 2. On or about November 30, 2021, the detective assigned to the case called Doe's father. *Id.* ¶ 13. The detective stated that Diaz claimed his girlfriend accessed his Snapchat account and sent the photograph, and stated that Diaz "seemed like a nice kid." *Id.* ¶¶ 13–14. LASD concluded that the transmission of the photograph was a "mistake" and declined to investigate further. *Id.*

### B. Procedural History

On April 7, 2022, Doe filed her Complaint against Doe alleging two causes of action: (1) violation of 18 U.S.C. § 2422(b) and (2) civil remedies from 18 U.S.C. § 2255. *See generally*

---

[1] Unless otherwise indicated, the following factual background is derived from the allegations in Plaintiff's Complaint. ECF No. 1 ("Compl.").
[2] Although Snapchat photos generally disappear within a few seconds of being opened, Doe bypassed this feature by partially sliding the message prior to opening, which Doe regularly did when receiving Snapchat messages. *Id.*

1  Compl. On May 18, 2022, Diaz filed an answer in pro per to the Complaint. ECF No. 17. However,
2  this answer was rejected as it did not contain Diaz's contact information as required under Local
3  Rule 11-3.8. ECF No. 19. Diaz then filed an amended answer on June 27, 2023 which included an
4  email, address, and telephone number. ECF No. 24.

5        On September 23, 2022, Doe filed a motion to strike the amended answer on the grounds that
6  the address given by Diaz was deficient. ECF No. 29. On October 6, 2022, the Court held a
7  scheduling conference in the matter, to which Diaz did not make an appearance. ECF No. 31. On
8  October 19, 2022, Diaz filed an updated address. ECF No. 35. On October 27, 2022, Doe filed a
9  motion for default judgment. ECF No. 37. On December 1, 2022, the Court heard both Doe's motion
10 to strike and motion for default judgment, at which Diaz did not make an appearance. ECF No. 44.
11 However, Diaz sent an ex parte communication to the Court indicating his opposition to the pending
12 motions. Therefore, the Court ordered Diaz to file any oppositions no later than December 2, 2022.
13 ECF No. 43. However, no oppositions were filed. Accordingly, the Court set an order to show cause
14 as to why Diaz's answer should not be stricken, and ordered Diaz to file any updated address or
15 opposition no later than January 31, 2023. ECF No. 46. The Court noted that failure to comply with
16 the Court's order would result in the Court granting the motion to strike. *Id.*

17       On January 31, 2023, Diaz filed a notice of errata as to his address. ECF No. 50. On March
18 23, 2023, the Court denied the pending motion to strike and motion for default judgment, as Diaz
19 updated his address. ECF No. 54. However, the Court noted that if Diaz's address was defective in
20 the future, the Court would likely grant future motions to strike and/or motions for default judgment.
21 *Id.* at 5.

22       On May 31, 2023, Doe filed a motion to continue the deadlines in the case because the
23 parties had not yet engaged in discovery and because Diaz had not responded to any
24 communications. ECF No. 60. Moreover, court filings mailed to Diaz were continuing to be
25 returned. On June 8, 2023, the Court ordered the parties to appear at a status conference on June 15,
26 2023. ECF No. 62. This order was emailed to Diaz, and stated that if Diaz failed to appear, the Court
27 may revisit striking his answer. *Id.* Diaz did not appear at the status conference. ECF No. 64.
28

On August 11, 2023, Doe filed a renewed motion to strike. ECF No. 68. The Court granted the unopposed motion to strike, and ordered Diaz's amended answer stricken on November 7, 2023. ECF No. 73. On November 30, 2023, Doe requested the clerk enter default against Diaz. ECF No. 75. Default was entered against Diaz on December 1, 2023. ECF No. 76. On December 7, 2023, Doe brought the instant Motion for Default Judgment. ECF No. 77 (the "Motion").

On February 6, 2024, the Court ordered Doe to provide notice to Diaz of the February 15, 2024 hearing date on the Motion, and file a proof of service indicating as such. ECF No. 81. On February 8, 2024, Doe filed a proof of service indicating that Diaz was served the Notice of Motion and Motion and the hearing date. ECF No. 82. Diaz did not make an appearance at the hearing.[3]

## II.   **Applicable Law**

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other like fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice if required by Rule 55(b)(2). C.D. Cal. L.R. 55-1.

Once default has been entered, the factual allegations in the complaint, except those concerning damages, are deemed admitted by the non-responding party. *See* Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, default judgment is not automatic upon the Clerk's entry of default; rather, it is left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980). When deciding whether to enter default judgment, courts consider seven factors, commonly known as the *Eitel* factors:

---

[3] After the hearing in this matter, but prior to the Court's issuance of its Order, Diaz filed a Notice of Automatic Stay indicating that he filed a Voluntary Chapter 7 Petition for Bankruptcy on February 15, 2024 (the date of the hearing). ECF No. 84. To the extent that this Notice requires reconsideration of this Order, the parties may present supplemental briefing to the Court.

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. Discussion

Doe requests that the Court grant her Motion. Before doing so, the Court must consider whether Doe has satisfied the procedural requirements of Federal Rule of Civil Procedure 55 and Local Rule 55-1 and whether the *Eitel* factors weigh in favor of granting default judgment. For the reasons discussed below, the Court finds that Doe has satisfied the procedural requirements and the *Eitel* factors weigh in favor of granting default judgment.

#### A. Doe has Satisfied Procedural Requirements

As an initial matter, the Court has subject matter jurisdiction over the claims because the claims arise under federal law. Moreover, the Court is satisfied that personal jurisdiction exists over Diaz, as he is a resident of Los Angeles County, California. Compl. ¶ 1.

After the Court struck Diaz's answer to the Complaint, Doe sought entry of default by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55, which was entered on December 1, 2023. ECF Nos. 75, 76. In accordance with Local Rule 55-1, Doe has represented that default has been entered against Diaz, he is not an infant or an incompetent person, and the Servicemembers Civil Relief Act does not apply. ECF No. 77-2 ("Dhungana Decl.") ¶¶ 22–23. Therefore, the requisite procedural requirements for seeking default judgment have been met.

#### B. The *Eitel* Factors Weigh in Favor of Granting Default Judgment

The Court next considers the *Eitel* factors and finds that they weigh in favor of granting default judgment.

##### i. The Possibility of Prejudice to Plaintiff

First, the Court considers whether Doe will suffer prejudice if default judgment is not entered. Here, based on the facts established by the Complaint, the Court concludes that Doe would suffer prejudice if the Motion were denied because she would have no other recourse in seeking resolution of her claim.

ii. Merits of the Plaintiff's Substantive Claim & Sufficiency of Complaint

Next, the Court considers whether Doe has stated a valid claim for a violation of 18 U.S.C. § 2422(b) and for remedies under 18 U.S.C. § 2255. Under 18 U.S.C. § 2422(b), it is unlawful to use any means of interstate commerce to "knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempt to do so. . ." 18 U.S.C. § 2422(b). The Complaint alleges that Diaz knew that Doe was a minor based on his prior history with her family, as he had dated her older sister previously. Compl. ¶¶ 9, 17. And, with this knowledge, the Complaint alleges that Diaz sent a picture of himself fully nude to Doe "for purely prurient purposes." *Id.* ¶¶ 18, 19. Such a solicitation would be illegal under California Penal Code Section 288.2(a)(1), which makes it unlawful for a person to distribute any picture that appeals to the prurient interest to anyone they know or should know is a minor. Cal. Penal Code §§ 288.2(a)(2), 313. Finally, the Court finds that Diaz's use of Snapchat, a social media application, to send the photograph at issue to Doe satisfies the interstate commerce prong of the statute. *See U.S. v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007) ("[A]s both the means to engage in commerce and the method by which transactions occur, the Internet is an instrumentality and channel of interstate commerce.") (internal quotations omitted).

Although 18 U.S.C. § 2422 is a criminal claim, 18 U.S.C. § 2255 creates civil liability for a violation of Section 2422. Specifically, Section 2255 allows any person who, while a minor, was a victim of Section 2422, and suffered injury, can sue and "shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255(a). Here, the Court finds that Doe has sufficiently pleaded she was a victim under Section 2422(b) while she was a minor, and has suffered injury. Compl. ¶ 8 (alleging Doe was "shocked and upset" after receiving the photograph from Diaz).[4] As Doe would be allowed recovery under Section

---

[4] However, the Court notes Doe likely needs not specifically plead injury. The Sixth Circuit has held that a plaintiff alleging that they are a victim under Section 2255 does not separately need show injury, as "[a] victim by definition is someone who suffers an injury." *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012).

2255 based on her allegations, the Court finds that the Complaint is sufficient and demonstrates a meritorious claim, which weighs in favor of granting default judgment.

### iii. Sum of Money at Stake

Next, the Court considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Here, Doe is asking for the statutorily-prescribed amount of damages, which mitigates any concern that the damages sought are excessive or unreasonable. *See Boland*, 698 F.3d at 882 ("The point of a minimum-damages requirement is to allow victims [] to recover *without* having to endure potentially damaging damages hearings."). Accordingly, a court is empowered to award the minimum statutory proof without proof of damages. *Id.* Therefore, the Court does not find that this factor weighs against granting default judgment.

The Court further allows counsel for Doe to brief the amount of attorney's fees and costs sought, as they are also statutorily-prescribed under Section 2255. Counsel for Doe is thus ordered to seek attorney's fees and costs within 10 days of issuance of this order.

### iv. Possibility of Dispute Concerning the Material Facts

The Court finds that there is little possibility of dispute concerning the material facts here. As an initial matter, Diaz's answer has been stricken, and upon entry of default, "all well-pleaded facts in the complaint are taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Moreover, it appears that based on the allegations, Diaz previously admitted that the photo is of him and was sent through his Snapchat account in a related police investigation. Compl. at 2. Accordingly, the Court finds that this factor weighs in factor of granting default judgment.

### v. Possibility of Excusable Neglect

The Court next considers whether the default resulted from excusable neglect. Based on the circumstances of this case, it is unlikely that the default is a result of excusable neglect. Diaz has previously appeared in the case, and has had multiple opportunities to defend the matter. However, he has failed to obey orders from the Court and refused to participate in the litigation, resulting in the Court striking his answer. Therefore, this factor weighs in favor of granting default judgment.

///

vi. Policy Favoring Resolution on the Merits

Although there is a preference to resolve cases on the merits, it is due to Diaz's failure to meaningfully participate in the case that makes such a resolution impossible. Therefore, the Court finds that this factor negligible.

**IV. Conclusion**

For the foregoing reasons, the Court hereby GRANTS the Motion for Default Judgment and ORDERS as follows:

1. The Court finds that Doe is entitled to damages under 18 U.S.C. § 2255 as a victim under 18 U.S.C. § 2422(b);
2. The Court grants Doe an award of $150,000 in liquidated damages;
3. Counsel for Doe is ORDERED to brief the amount of attorney's fees and costs sought within 15 days of entry of this Order;
    a. The briefing shall include a proposed final judgment;
    b. The request for fees shall not be set for any hearing date;
    c. Diaz is given 15 days to respond to the briefing on the request for attorney's fees and costs;
    d. If any response by Diaz is timely filed, any reply from Doe is due 7 days from the date of Diaz's response; and
    e. The Court will set a hearing date as appropriate if it is inclined to reduce any fees and costs or if Diaz files an opposition.

IT IS SO ORDERED.

Dated: February 22, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge