O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSEPH DIAZ JR.,<br><br>  Defendant. | Case No.:  2:22-cv-02344-MEMF<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS [ECF NO. 86]** |

Before the Court is Plaintiff Jane Doe's Request for Attorney's Fees and Costs. ECF No. 86. For the reasons stated herein, the Court hereby GRANTS the Request for Attorney's Fees and Costs.

**I.   Background**

On February 22, 2024, the Court granted Plaintiff Jane Doe's Motion for Default Judgment. ECF No. 85 ("MDJ Order"). Along with granting Doe default judgment for violation of 17 U.S.C. Section 2422(b) and remedies under 18 U.S.C. Section 2255, the Court found that attorney's fees are "statutorily-prescribed under Section 2255." MDJ Order at 7. Accordingly, the Court ordered

counsel for Doe to brief the amount of attorney's fees and costs sought 15 days of entry of the MDJ Order. MDJ Order at 8. The Court also gave Defendant Joseph Diaz, Jr. 15 days to respond to any briefing on fees submitted by Doe. *Id.* On March 8, 2024, Doe timely filed the instant Request for Attorney's Fees and Costs. ECF No. 86 (the "Fee Request"). Diaz did not file any opposition.

## II. Discussion

The Ninth Circuit has instructed that a district court should "calculate an award of attorneys' fees by first calculating the 'lodestar,'" which is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). After arriving at the lodestar figure, "[t]he district court may then adjust upward or downward based on a variety of factors." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

### A. The Hourly Rates Requested are Reasonable

The Court finds the hourly rates requested by Doe's counsel reasonable. Doe sets forth fees calculated utilizing the "Fitzpatrick Matrix," which is a chart published by the U.S. Attorney's Office for the District of Columbia to provide "a reliable assessment of fees charged for complex federal litigation" in that district. U.S. Attorney's Office for the District of Columbia, Civil Division, The Fitzpatrick Matrix, https://www.justice.gov/usao-dc/page/file/1504361/dl.[1] The Court finds the rates set in the Fitzpatrick Matrix to be along the lines of prevailing rates in this district "for similar services by lawyers of reasonable skill, experience, and reputation." *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454–55 (9th Cir. 2010) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."); *see also Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *30 (C.D. Cal. March 24, 2015) (awarding fees based on rates ranging from $360 for junior associates and $930 for senior partners). Here, Doe seeks fees ranging from $220 for staff to $807 for senior attorneys. Fee Request at 86.

Accordingly, the Court finds the requested rates reasonable.

/ / /

---

[1] Doe's law firm is headquartered in Washington, D.C., with an office in Anaheim, California. ECF No. 86-2 ("Dhungana Decl.") ¶ 2.

**B. The Number of Hours Billed and Costs Incurred Are Largely Reasonable**

The Court finds the number of hours expended generally reasonable, although it notes a few inconsistencies in the timekeeping that it will adjust for. In total, the timekeepers for Doe's counsel expended a total of 196 hours over the course of this litigation. The Court finds this reasonable in light of the fact that the case has been ongoing for almost two years—in large part because of Diaz's actions in dragging the case out. The hours spent are also reasonable based on the scope of the work necessary to prosecute this case, including the motion practice Doe had to engage in as a response to Diaz's actions in this litigation. However, the Court notes that there are a few inconsistencies where different timekeepers noted down different lengths for conferences, for which the Court will adjust to the shorter time.[2] Further, the Court finds the costs incurred to be reasonable. The bulk of the costs appear to be incurred by necessary travel by counsel to hearings for this case as well as process service on Diaz.

Accordingly, the Court finds that an award of $109,766.50 in attorney's fees and $5,806.20 in costs to be reasonable.

/ / /

/ / /

/ / /

---

[2] There are discrepancies for telephone conferences between: James C. Asbill (0.6) and Laura Berry (0.4) on September 6, 2022; Saroja Koneru (0.4) and Timothy S. Kittle (0.5) on March 30, 2023; Saroja Koneru (0.4) and Timothy S. Kittle (0.2) on April 13, 2023; and Saroja Koneru (0.2) and Timothy S. Kittle (0.3) on May 22, 2023. Accordingly, the Court subtracts 0.2 of a $584 rate ($116.8), 0.1 of a $717 rate ($71.7), 0.2 of a $502 rate ($100.4), and 0.1 of a $717 rate ($71.7), for a total of $360.60 to be taken off the amount requested.

### III. Conclusion

For the foregoing reasons, the Court hereby GRANTS the Request for Attorney's Fees and Costs (ECF No. 86) and awards Doe $109,766.50 in attorney's fees and $5,806.20 in costs, for a total award of $115,572.70.[3]

IT IS SO ORDERED.

Dated: April 2, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[3] Diaz has filed a Notice of Automatic Stay indicating that he filed a Voluntary Chapter 7 Petition for Bankruptcy on February 15, 2024. ECF No. 84. To the extent that this Notice requires reconsideration of this Order, renders it void, or prevents Doe from collecting the fees ordered, the parties may present supplemental briefing to the Court or address it in the bankruptcy court. *See In re Nat'l Env't Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997) ("Pursuant to 11 U.S.C. § 362, a petition in bankruptcy operates as a stay against acts that may affect property of the bankruptcy estate. . . . . Actions taken in violation of the stay are void."). In light of the timing of the Notice, the Court finds that the interests of judicial economy are served by issuing this Order, and allowing the bankruptcy court to address any further collection efforts. *See In re Kissinger*, 72 F.3d 107, 109 (9th Cir. 1995) (finding that the bankruptcy court did not abuse its discretion in granting retroactive relief from stay where a defendant filed for bankruptcy during a trial recess and the court allowed the trial to proceed to verdict after the filing of the notice).